320 So.2d 184 (1975)
STATE of Louisiana
v.
Thelma KNIGHTEN.
No. 56352.
Supreme Court of Louisiana.
October 9, 1975.
*185 Walter C. Dumas, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Atty. Gen., Ossie Brown, Dist. Atty., Richard E. Chaffin, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant in this case was charged by bill of information with the crime of attempting to obtain possession of a controlled dangerous substance, dilaudid, by fraud, in violation of La.R.S. 40:971(B) (1)(b). After initially pleading not guilty to the offense, defendant changed her plea to one of guilty and was sentenced to two and one-half years at hard labor.
On appeal to this Court, defendant argues that her guilty plea was not given freely and voluntarily, and that she should therefore be allowed to withdraw it.
No motion to withdraw the guilty plea was ever filed by defendant, nor has she perfected an assignment of error for this appeal. And since the voluntariness of a guilty plea is not an error discoverable on the record, there is nothing for us to review.[1]
For these reasons, the conviction is affirmed.
NOTES
[1] A review of the record, which is made unnecessary by our disposition in this case, does indicate a comprehensive explanation by the trial judge of defendant's rights as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). However, we are not called upon in this appeal to make the determination as to whether defendant's guilty plea was intelligent and voluntary. Defendant's remedy on this constitutional ground is by writ of habeas corpus should she choose to pursue it.