327 So.2d 379 (1976)
STATE of Louisiana
v.
John R. WILLIAMS.
No. 56981.
Supreme Court of Louisiana.
February 23, 1976.
Ronald L. Causey, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., James E. Boren, Asst. Dist. Atty., Baton Rouge, for plaintiffappellee.
DENNIS, Justice.
Defendant, John R. Williams, was charged by bill of information with the crime of simple burglary, in violation of La.R.S. 14:62. Defendant pleaded guilty to the offense, and was sentenced to serve nine years at hard labor in the custody of the Department of Corrections.
On appeal to this Court, defendant argues that his guilty plea was not freely and voluntarily given, and that he should therefore be permitted to withdraw it. A review of the record indicates that the trial judge examined defendant extensively as to the voluntariness of his plea in accordance with the precepts of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d *380 274 (1969). However, defendant alleges that because he was examined together with two other defendants, a subtle pressure was exerted upon him to "go along" with them in pleading guilty.
No motion to withdraw the guilty plea was ever filed by defendant, nor has he perfected an assignment of error for this appeal. We recently held that the voluntariness of a guilty plea is not an error discoverable on the record. State v. Knighten, 320 So.2d 184 (La.1975). Therefore, the alleged error is not reviewable on appeal.[*]
For these reasons, the conviction and sentence are affirmed.
NOTES
[*] Nevertheless, an inspection of the record convinces us that defendant's allegations are without merit. Following a comprehensive explanation of the rights waived by pleading guilty, each defendant was questioned individually and at great length to determine the voluntariness of his plea. Furthermore, this defendant's guilty plea was entered prior to those which are said to have influenced his decision.