404 So.2d 1205 (1981)
STATE of Louisiana
v.
Thurman L. CAMPBELL, Jr.
No. 81-KA-0295.
Supreme Court of Louisiana.
September 28, 1981.
*1206 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Dale G. Cox, Asst. Dist. Atty., for plaintiff-appellee.
Robert Earl Piper, Jr., of Piper & Brown, Shreveport, for defendant-appellant.
GUIDRY, Justice Ad Hoc[*].
Defendant, Thurman Campbell, Jr., was indicted by a Caddo Parish Grand Jury for second degree murder, a violation of La. R.S. 14:30.1. The defendant pled not guilty and trial of the matter began on September 30, 1980. On the fourth day of trial and prior to completion of the State's case, Campbell changed his plea to that of guilty of manslaughter, a violation of La.R.S. 14:31. Following a pre-sentence investigation and subsequent sentencing hearing, the defendant was sentenced to serve twenty years at hard labor in the custody of the Louisiana Department of Corrections. Campbell appeals on the basis of three assignments of error.

FACTS
On March 29, 1979, defendant loaned a rented U-Haul truck to two acquaintances, Charles Lacour and Dennis Ray Brown. Lacour and Brown failed to return the truck to defendant and abandoned the vehicle when it ran out of fuel. On April 1, 1979, the defendant and a companion accosted Lacour and Brown as they left a liquor store in Shreveport. According to testimony received at Campbell's trial, the defendant was armed with a gun and demanded a sum of money from the two men. Subsequently, defendant ordered the men to walk to the deserted parking lot of the liquor store where he again demanded a sum of money. Thereafter, Campbell struck Brown over the head with the gun. Allegedly, Brown, as he turned to run, saw Lacour raise his arm and then heard a gunshot. Lacour subsequently died of a gunshot wound to the head. At trial, the defendant contended that the gun accidently discharged when Lacour grabbed for the weapon.

*1207 ASSIGNMENTS OF ERROR 1 & 2
Defendant assigns as error the imposition by the trial court of an allegedly excessive sentence and the alleged failure of the trial judge to articulate sufficient reasons for such sentence in accordance with the provisions of La.C.Cr.P. Article 894.1.
The imposition of a sentence, even though within statutory limits, may violate a defendant's right, under the Louisiana Constitution, against excessive punishment. Therefore, excessiveness of sentence is an appropriate question for review on appeal. See State v. Sepulvado, 367 So.2d 762 (La. 1979). In State v. Bonanno, 384 So.2d 355 (La.1980) we set forth the standard to be used in reviewing a sentence alleged to be excessive. Therein we commented:
"As stated previously, to determine whether a certain penalty is excessive we must determine whether that penalty is grossly disproportionate to the severity of the crime. State v. Goode, supra. To determine whether the penalty is grossly disproportionate to the crime we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice. State v. Beavers, 382 So.2d 943 (La.1980)."
Additionally, in State v. Sepulvado, supra, we concluded that the statutory criteria legislatively provided by La.C.Cr.P. Article 894.1 affords appropriate criteria by which to measure whether a sentence within the statutory limits is nevertheless excessive.[1] Under La.C.Cr.P. Article 894.1, the sentencing judge must state for the record those considerations taken into account in imposing sentence and the factual basis for such considerations. State v. Jackson, 360 So.2d 842 (La.1978). Simply stated, the record must reflect that the trial court adequately considered these criteria in imposing sentence.
The instant record indicates that sentence was imposed after a lengthy sentencing hearing during which several character witnesses and the defendant, himself, testified. Although the defendant contends that the trial judge failed to provide sufficient reasons for sentencing, an examination of the record reveals that defendant's allegation is totally without merit.
*1208 In this case, the trial judge provided an unusually thorough discussion of the factual basis for defendant's sentence. He noted the seriousness of the offense as well as trial testimony indicating that the defendant was additionally suspected of committing the crimes of aggravated kidnapping and armed robbery arising out of the same incident. Further, the trial court noted that defendant acted without strong provocation and noted that there existed no grounds to excuse or justify his behavior. The trial judge considered that the defendant had a prior history of crime as evidenced by his lengthy rap sheet and concluded that if he were placed on probation there existed a distinct probability that he would commit another crime. In support of this conclusion, the trial judge noted that Campbell had previously been placed on probation for a prior offense, yet had not discontinued his criminal activities. Although cognizant of the hardship on defendant's family which will result from his incarceration, the trial judge concluded that the risk of continued criminal activity by Campbell militated against the imposition of a lesser sentence. The trial judge commented that a lesser sentence would surely deprecate the seriousness of Campbell's crime.
In State v. Spencer, 374 So.2d 1195 (La. 1979), we stated:
"...The trial judge's reasons in imposing sentence, as required by La.Code Crim.P. art. 894.1, are an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Gist, 369 So.2d 1339 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979). Moreover, the trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Sepulvado, supra."
Our careful review of the record in light of the standards set forth above reveals no abuse of the trial court's discretion.
The defendant had originally been indicted for the crime of second degree murder which carries a mandatory sentence of life imprisonment without benefit of probation, parole, or suspension of sentence. After four days of trial, the defendant, fearing conviction on the murder charge, changed his guilty plea to one of guilty of manslaughter with no sentence limitations or recommendations imposed upon the trial court.[2] As we have repeatedly stated, the trial judge exercised all due diligence in specifically delineating his reasons for imposing a twenty year sentence on defendant. The record clearly supports the trial court's conclusions regarding the defendant, therefore, we conclude that the sentence imposed is both reasonable and just.

ASSIGNMENT OF ERROR 3
By this assignment of error, defendant urges that this Court review the instant record for patent errors. In brief and as a footnote only, defense counsel alleges that during the Boykinization process, the trial judge failed to specifically inform Campbell of the waiver by virtue of his guilty plea, of his right against compulsory self-incrimination. Defendant now urges that this alleged defect in the Boykinization proceedings is an error patent on the face of the record and constitutes reversible error.
This court has previously addressed this precise issue in State v. Knighten, 320 So.2d 184 (La.1975) and State v. Williams, 327 So.2d 379 (La.1976). In the cited cases, we held that the voluntariness of a guilty plea is not an error discoverable on the record and that barring a motion to withdraw the guilty plea or the perfection of an assignment of error, the alleged error is not reviewable on appeal.
For the reasons assigned, the conviction and sentence are affirmed.
AFFIRMED.
*1209 LEMMON, J., concurs and assigns reasons.
CALOGERO, J., dissents and assigns reasons.
DENNIS, J., dissents for reasons of CALOGERO, J.
LEMMON, Justice, concurring.
I concur in the result because the record establishes the guilty plea was constitutionally valid.[1]
The 15-page Boykinzation, conducted when defendant decided to plead guilty just before completion of the state's case in the fourth day of trial, did not mention the right against self-incrimination. However, adhering to his contention that the killing was accidental, defendant referred to the state's witnesses as liars and admitted he had no witnesses to present other than himself. Under thorough questioning by the court defendant and his counsel then declared clearly and convincingly that since the defense evidence would not likely overcome the evidence presented by the state, defendant would prefer to plead to manslaughter than risk conviction for second degree murder and a mandatory life sentence.
Under these circumstances defendant was obviously aware of his right to remain silent and obviously concluded that the exercise of the right was of little benefit.[2] When the overall circumstances are considered, this record establishes that defendant's guilty plea was entered voluntarily and knowingly.
CALOGERO, Justice, dissenting.
I dissent from the majority opinion for the following reasons.
The defendant, who pled guilty to manslaughter on the fourth day of his trial and was sentenced to 20 years imprisonment, appealed on the grounds that his sentence was excessive. He also urged the Court to vacate his guilty plea because of a patent error in the guilty plea proceedings, that is, it does not appear on the record that he was informed by the trial judge of his privilege against compulsory self-incrimination.
An error patent is "an error that is discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence," and should be considered by this Court on appeal. La.C.Cr.P. art. 920(2). While I agree with the majority that the review of the guilty plea proceedings to determine whether the guilty plea was voluntary does not present a patent error and is, therefore, not subject to review on appeal [State v. Williams, 327 So.2d 379 (La. 1976); State v. Knighten, 320 So.2d 184 (La.1976)] defendant does not request a review for voluntariness, but rather, only requests that the Court determine whether it appears on the record that he was advised by the trial judge of his right against compulsory self-incrimination. Such a review would only require an inspection of the pleadings and proceedings and not an inspection of the evidence.
This Court recently reaffirmed its requirement that for there to be a valid guilty plea, the trial judge must advise defendant of his right to a trial by jury, his right against compulsory self-incrimination and his right to confront his accusers, and that a contemporaneously recorded record must evidence this advice and the defendant's affirmative "waiver of three constitutional Boykin rights." State v. Williams, 400 So.2d 868 (La.1981); State ex rel. Warren v. Blackburn, 394 So.2d 276 (La.1981); and State ex rel. Cusher v. Blackburn, 400 So.2d 601 (La.1981). Since a review to determine whether this requirement has been complied with only requires a review of the proceedings and does not require an inspection of the evidence, it presents a patent error reviewable by this Court on appeal.
*1210 To hold otherwise would serve no legitimate purpose, and might, in fact, make it more difficult for the state to bring the defendant to trial for the offense. Unlike the case where the voluntariness of the plea is in question and a remand for an evidentiary hearing could be beneficial in providing supplemental information, in this case the record contains the guilty plea transcript from which it can be determined that defendant was not properly advised of his rights prior to pleading guilty. Thus a remand in this case, or a requirement that defendant proceed by habeas application, would add to the record required for our determination of the issue, nothing that is not already before us, and to the contrary, would only cause unnecessary delay in the proceedings to the prejudice of the state if defendant's guilty plea is ultimately vacated in a post conviction writ application.
In the interest of judicial economy and of expediting retrial of this defendant, I think we should as a matter of patent error determine that this defendant was not properly Boykinized and order him retried.
NOTES
[*] Judges E. L. Guidry, Jr. and G. William Swift, Jr. of the Court of Appeal, Third Circuit and Judge Robert J. Klees of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices ad hoc, joined by Associate Justices Pascal F. Calogero, Jr., James L. Dennis, Jack C. Watson and Harry T. Lemmon.
[1] La.C.Cr.P. Article 894.1 states:

"A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused not threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence."
[2] At the time he changed his plea, Campbell acknowledged that he was fully cognizant of the maximum sentence which could be imposed upon him as a result of his guilty plea.
[1] Judicial efficiency dictates that this constitutional issue not be relegated to post-conviction attack, when no additional evidence is necessary to sustain the constitutional validity of the plea. See State v. Bowick, 403 So.2d 673 (La. 1981).
[2] Defendant has five prior convictions and was evidently aware of his right to remain silent.