CUTRER, Judge.
On January 13, 1981, defendant, George Guidry was charged by grand jury indictment with attempted first degree murder, a violation of LSA-R.S. 14:30 and 14:27. After a jury trial, he was found guilty of attempted manslaughter, a violation of LSA-R.S. 14:31 and 14:27. The trial judge imposed the maximum penalty allowed by law, ten and one-half years at hard labor.
It is from this conviction and sentence that the defendant appeals asserting;
(1) The trial court erred by imposing an excessive sentence in violation of Article I § 20 of the 1974 Constitution and by failing to follow the guidelines of LSA-C. Cr.P. art. 894.1.
FACTS
On November 10, 1980, at 10:30 P.M., Eunice police officers received a call that a man with a gun was causing a disturbance at a residence. Four officers responded to the call. When they arrived they found the defendant standing on the porch of the residence. As the officers approached the defendant he was very hostile and was using loud, profane language directed toward the officers. Defendant was standing with his right hand in his pocket. The officers attempted to question him by talking with him. Defendant responded with more hostility and profanity. During this time the officers had made their way up on the porch and defendant had gone toward the end of the porch. One of the officers directed him to remove his hand from his pocket. The officer also told him he was under arrest for using loud and profane language. Defendant refused the officer’s request and told the officer, using profanity, that if the officer wanted him he would have to come get him.
One of the officers had a police dog on a leash. The dog was released and started toward defendant. It is unclear whether the dog actually struck him. Defendant, at this point, stepped off the porch, pulled a revolver from his pocket and fired two shots in the direction of the officers. The dog returned to the officer’s control. De *1293 fendant attempted to escape but was shot by the officers. He dropped his revolver as he fell and, as the officers approached, he was still trying to retrieve the revolver which had fallen near him. The officers seized him and placed him under arrest.
ASSIGNMENT OF ERROR
Defendant argues that his sentence is excessive as it is in violation of the LSA-C. Cr.P. art. 894.1 guidelines and Art. I § 20 of the 1974 Louisiana Constitution. The constitution proscribes against excessive punishment and states, in pertinent part:
“No law shall subject any person to euthanasia, to torture, or to cruel, excessive. or unusual punishment.” (Emphasis ours.)
In the case of State v. Campbell, 404 So.2d 1205 (La.1981), the court made the following observation:
“The imposition oí a sentence, even though within statutory limits, may violate a defendant’s right, under the Louisiana Constitution, against excessive punishment. Therefore, excessiveness of sentence is an appropriate question for review on appeal. See State v. Sepulvado, 367 So.2d 762 (La.1979). In State v. Bonanno, 384 So.2d 355 (La.1980) we set forth the standard to be used in reviewing a sentence alleged to be excessive. Therein we commented:

‘As stated previously, to determine whether a certain penalty is excessive we must determine whether that penalty is grossly disproportionate to the severity of the crime. State v. Goode, supra. To determine whether the penalty is grossly disproportionate to the crime we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice. State v. Beavers, 382 So.2d 943 (La.1980).’

“Additionally, in State v. Sepulvado, supra, we concluded that the statutory criteria legislatively provided by La.C. Cr.P. Article 894.1 affords appropriate criteria by which to measure whether a sentence within the statutory limits is nevertheless excessive. Under La.C.Cr.P. Article 894.1, the sentencing judge must state for the record those considerations taken into account in imposing sentence and the factual basis for such considerations. State v. Jackson, 360 So.2d 842 (La.1978). Simply stated, the record must reflect that the trial court adequately considered these criteria in imposing sentence.” (Footnote omitted.)
The record indicates that the sentence was imposed after a sentencing hearing. Before the trial court was a pre-sentence report which contained defendant’s prior criminal record. The report reflects 21 arrests and 17 convictions of crime involving violence. The crimes include fighting, simple battery, resisting arrest, carrying a concealed weapon and aggravated assault. The record reflects that the defendant began his criminal activity in 1961, at the age of 18, and this continued over a period of 21 years (until 1982). Three of the offenses were against police officers.
In 1976 he was convicted of the commission of a burglary. He received a sentence of five years at hard labor, which was suspended and he was placed on probation for five years. During his probation, he was convicted of several charges including bat-, teries and carrying a concealed weapon. His probation was not revoked but this conduct reflects that he did not respond to probation.
In this case, the trial judge exercised due diligence in delineating his reasons for imposing a ten and one-half year sentence. We quote his reasons as follows:

“[DJefendant has a previous felony record and he has a record in which, although he has explained some, shows his propensity for violence. The report of the Louisiana Department of Corrections shows some three pages of offenses and criminal record beginning at page three and ending in the middle of page six of that report which I order received in evidence, sealed and made part of the record 
*1294
so that the appellate tribunal will have the opportunity of reviewing it Human life is seriously threatened by the defendant, he is not eligible for probation. In my opinion, even if he were eligible for probation, his record reflects that he would be likely to commit another crime and it would certainly deprecate the seriousness of this offense to sentence him less than the term to which I am about to sentence him. He is in need of correctional treatment with the Department of Corrections and I find that no mitigating circumstances to have been adduced to my satisfaction under Article 894.1(b) of the Code of Criminal Procedure.

“I sentence the defendant who is 39 years of age, to ten and one-half years at hard labor and I consign him to the Department of Corrections so that this sentence may be carried out. ”

In State v. Spencer, 374 So.2d 1195 (La.1979), the court stated as follows:
"'... The trial judge’s reasons in imposing sentence, as required by La.Code Crim.P. art. 894.1, are an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Gist, 369 So.2d 1339 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979). Moreover, the trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Sepulva-do, supra. ’ ”
Our careful review of the record, in light of the standards of review set forth above, reveals no abuse of the trial court’s discretion. We conclude that the sentence is both reasonable and just and the conviction and sentence will be affirmed.
For the reasons assigned, the conviction and sentence are affirmed.
AFFIRMED.