NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 06-478

STATE OF LOUISIANA

VERSUS

RUSSELL W. COLE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR735-04
HONORABLE STUART S. KAY  JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

AFFIRMED.

David W. Burton, District Attorney
Richard Frederick Blankenship, Assistant District Attorney
36th Judicial District Court
P. O. Box 99
DeRidder, LA 70634
(337) 463-5578
Counsel for Plaintiff:
State of Louisiana

**David L. Wallace**
**Attorney at Law**
**P. O. Box 489**
**DeRidder, LA 70634**
**(337) 462-0473**
**Counsel for Defendant:**
**Russell W. Cole**

**SAUNDERS, Judge**.

On October 26, 2004, Russell W. Cole was charged by bill of information with one count of possession of a controlled dangerous substance, a violation of La.R.S. 40:967(F)(2)(B), one count of illegal carrying of firearms, a violation of La.R.S. 14:95(E), and one count of conspiracy to possess a controlled dangerous substance, a violation of La.R.S. 40:967(F)(2)(B) and La.R.S. 14:26.

On September 19, 2005, Defendant pled guilty to count one, amended to the charge of possession of methamphetamine with intent to distribute, pursuant to a plea agreement. In return for Defendant's guilty plea to the amended charge, the State agreed to dismiss the remaining charges.

On November 28, 2005, the trial court sentenced Defendant to imprisonment at hard labor for a term of 144 months, with sixty of the months to be suspended, and the remaining eighty-four months to be served. The trial court also ordered Defendant to forfeit cash, in the amount of $2,200.00, seized in connection with the offense, to serve five years supervised probation, with conditions, upon his release from incarceration, and to pay a fine of $2,000.00, plus court costs and fees.

On November 29, 2005, Defendant filed a motion to reconsider sentence, which was denied by the trial court. He is now before this court on appeal, asserting that the trial court imposed an excessive sentence. For the following reasons, we find that Defendant's sentence is affirmed.

**FACTS:**

We note that in the guilty plea hearing, the State did not articulate a factual basis for the offense to which Defendant pled. Therefore, the following factual assertions are taken from the transcript of the investigating officer's interrogation of Defendant on the day of his arrest. On that day, Defendant went to a motel with the

intent of purchasing methamphetamine, and purchased the methamphetamine for use by another individual. Upon making the purchase from an undercover police officer, Defendant was arrested.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

**ANALYSIS:**

In his application to this court, Defendant asserts that his sentence is unduly harsh and excessive because he is a first offender, he cooperated with the police, and he has begun attempts at rehabilitation.

Initially, we note that in his motion to reconsider sentence, Defendant did not assert with any specificity the grounds upon which he alleged his sentence to be excessive. The motion merely asserted that "[t]he sentence imposed is excessive and therefore, defendant, moves this Honorable Court to review the same." When a defendant fails to assert specific grounds for excessiveness, he is then limited on appeal to a review of a bare claim of excessiveness. *State v. Mims*, 619 So.2d 1059 (La.1993).

Defendant pled guilty to possession of possession of methamphetamine with intent to distribute, a violation of La.R.S. 40:967, which provides that a person convicted of the offense "shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars." La.R.S. 40:967 (B)(1). When sentencing Defendant, the trial court indicated that the sentence was

2

imposed after consideration of many factors, including a presentence investigation report. The trial court additionally considered Defendant's statement to the undercover officer concerning his intention to gain financially from the distribution of the drug, Defendant's statements that he had been involved in prior drug transactions, and Defendant's apparent lack of remorse. The trial court further indicated that Defendant's first offender status was considered, along with his cooperation with the police officers and his attempts at rehabilitation.

We have set forth the following standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, we have held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may

3

provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96) 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir.), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

In addition to the amended charge to which Defendant pled guilty, he was also originally charged with one count of illegal carrying of firearms, a violation of La.R.S. 14:95(E), and one count of conspiracy to possess a controlled dangerous substance, a violation of La.R.S. 40:967(F)(2)(B) and La.R.S. 14:26. Under La.R.S. 14:95, Defendant could have received a sentence of imprisonment of a term not less than five, nor more than ten years, along with a possible fine of not more than ten thousand dollars. For the charge of conspiracy to possess a controlled dangerous substance, Defendant could have received a sentence of imprisonment at hard labor for a term of not less than five nor more than fifteen years, and a fine of not less than fifty thousand dollars nor more than one hundred seventy-five thousand dollars. We find that by making an agreement whereby the State would dismiss the illegal carrying of a firearm and the conspiracy charges, Defendant received a significant benefit in the reduction of his sentence exposure. Therefore, we find that, in light of that benefit to Defendant, the trial court did not abuse its wide discretion in imposing a sentence of 144 months, with sixty months suspended, and a fine of $2,000.00 plus costs.

4

## CONCLUSION:

Defendant's sentence is affirmed.

**AFFIRMED**.

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.