NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-454

STATE OF LOUISIANA

VERSUS

DOUGLAS CODY SNEED

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 75777
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, J. David Painter, and Shannon J. Gremillion,
Judges.

AFFIRMED.

James Edward Beal
LA. Appellate Project
P. O. Box 307
Jonesboro, LA 71251-0307
(318) 259-2391
Counsel for Defendant Appellant:
Douglas Cody Sneed

**Hon. Asa Allen Skinner**
**District Attorney, 30th JDC**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**Counsel for Plaintiff Appellee:**
**State of Louisiana**

**Terry Wayne Lambright**
**Attorney at Law**
**100 S. Third St., Suite A**
**Leesville, LA 71446**
**(337) 239-6557**
**Counsel for Plaintiff Appellee:**
**State of Louisiana**

**SAUNDERS, Judge.**

On January 16, 2009, the Defendant, Douglas Cody Sneed, was charged by bill of information with possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1, along with sixteen misdemeanor charges involving various hunting violations. The Defendant pled guilty to possession of a firearm by a convicted felony, Count 15, on September 14, 2009, and to charges in two unrelated docket numbers, lower court docket numbers 74,842 and 75,787.[1] As part of his plea agreement, the State agreed to dismiss the misdemeanor charges in Counts 1 through 14, 16 and 17, and not to pursue or seek habitual offender prosecution.

The Defendant was sentenced on December 22, 2009, to serve fifteen years at hard labor, without benefit of probation, parole, or suspension of sentence. The sentence was ordered to run concurrently with the sentences imposed for his convictions in docket numbers 74,842 and 75,787. A motion to reconsider sentence was filed on December 23, 2009, and denied without a hearing on December 29, 2009.

The Defendant is now before this court on appeal, asserting that his sentence is excessive. His sentence is affirmed.

**FACTS:**

At the time of the Defendant's guilty plea, the State established that the Defendant, a convicted felon, was in possession of a firearm. The bill of information indicates that this occurred in August of 2008.

---

[1]In addition to the charge in the instant appeal, the Defendant pled guilty to possession of schedule IV controlled dangerous substance in docket number 74,842, and to armed robbery, attempted armed robbery, and conspiracy to commit armed robbery in docket number 75,787 (counts 1, 2 and 5). These convictions are presently before this court on appeal in docket numbers 10-453 and 10-455, respectively.

**ERRORS PATENT & PROCEDURAL ISSUE:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that there is one error patent.

There is a misjoinder of offenses in the bill of information. The bill of information, charged the Defendant with the following: Counts 1, 2, and 17, possession of illegally taken deer, violations of La.R.S. 56:116.3; Counts 3 and 4, hunting from a public road, violations of La.R.S. 56:116.2(A)(1)(b); Counts 5, 6, and 7, taking deer in illegal hours with artificial light, violations of La.R.S. 56:116.3(F); Count 8, littering, a violation of La.R.S. 30:2531; Counts 9 and 10, discharge of a firearm from a public road, violations of La.R.S. 32:292; Counts 11 and 12, hunting from a moving vehicle, violations of La.R.S. 56:116.1(B)(1); Counts 13 and 14, taking deer in closed season, violations of La.R.S. 56:116.3(E); Count 16, illegal possession of an alligator, a violation of La.R.S. 56:261(A); and Count 15, possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1.

Louisiana Code of Criminal Procedure Article 493 provides for the joinder of offenses in a single bill under limited circumstances if the offenses joined are triable by the same mode of trial. Counts one to fourteen, and counts fifteen and sixteen are misdemeanors, triable by a judge without a jury. La.Code Crim.P. art. 779. Count fifteen, a felony, is triable by a jury of twelve in which ten must concur to render a verdict. La.Code Crim.P. art. 782. Therefore, counts one to fourteen and sixteen and seventeen were improperly joined with count fifteen. However, the Defendant did not file a motion to quash the bill of information on the basis of misjoinder of offenses, as required by statute. La.Code Crim.P. art. 495. Additionally, by entering

2

an unqualified guilty plea, the Defendant waived review of this non-jurisdictional pre-plea defect. *See State v. Crosby*, 338 So.2d 584 (La.1976). Thus, this error is precluded from review.

Next, we note that because the misdemeanors were not triable by jury, the proper mode of appellate review for these offenses was an application for writ of review, rather than an appeal. La.Code Crim.P. art. 912.1. Because these charges were dismissed, any procedural issue is moot.

**ASSIGNMENT OF ERROR:**

In his sole assignment of error, the Defendant argues that his sentence is excessive and that the trial court failed to give sufficient consideration to mitigating factors in fashioning a sentence. This court has set forth the following standard to be used in reviewing excessive sentence claims.

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

3

> [a]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 787, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Pursuant to La.R.S. 14:95.1(B), the penalty for possession of a firearm by a convicted felon is ten to fifteen years at hard labor, without benefit of probation, parole, or suspension of sentence, and a fine of $1,000 to $5,000. As such, the Defendant received the maximum possible prison term, but no fine was imposed. The Defendant, however, received a significant benefit as a result of his plea agreement. In addition to the dismissal of numerous charges, he avoided habitual offender prosecution, greatly reducing his total sentencing exposure. Lastly, the Defendant's sentence was ordered to run concurrently with sentences imposed in two other unrelated docket numbers, further reducing his total years of incarceration.

At sentencing, the trial court noted the Defendant was twenty-five years old. The trial court added that it had considered the sentencing guidelines under La.Code Crim.P. art. 894.1, the Defendant's presentence investigation report, and letters and a petition on the Defendant's behalf.

The trial court also reviewed the Defendant's prior criminal history as follows:

> . . . going all the way back to 2003, he was put in a pretrial program for a simple burglary, but, other than that, most of his felonies were the result of just stupid things. Here he is, a convicted felon, now, in 2004 and he's out hunting at night with a firearm. That's possession of

4

firearm, another felony. You know, D.W.I., misdemeanor, criminal trespass, cruelty to animals, possession of a firearm by a felony [sic]. What'd he do? Probably got drunk, but he shot his own horse is what he was doing. That's stupid, again. I find that, you know, he doesn't have a -- much of a criminal history where he's -- there's been violence to victims -- persons. But, what his record does demonstrate to this Court is that -- that even though those were dumb things to do considering the consequences, show -- it tells the Court that it -- that he's -- he just had a total disregard for the law, and because of that, he was well known to the -- to the authorities and probably why they threw the book at you, Mr. Sneed, on all these charges. But, that's a fact of life that we deal with. The Court, even though, can, I suppose, reach for -- conclude that's it in mitigation that you didn't go in there and participate in beating that woman and that your criminal record speaks loudly to the Court.

The Defendant did not refer to any jurisprudence to support his excessive sentence claim. Our review of the jurisprudence, however, revealed several cases wherein the maximum fifteen year sentence for possession of a firearm by a convicted felon was affirmed on appeal. Most recently, in *State v. Caffrey*, 08-717 (La.App. 5 Cir. 5/12/09), 15 So.3d 198, *writ denied*, 09-1305 (La. 2/05/10), 27 So.3d 297, the defendant argued in mitigation that he had only one prior conviction. On the day he was sentenced for possession of a firearm by a felon, however, the defendant also pled guilty to two more drug offenses, and showed a disregard for police authority by rushing into a crowd at a murder scene with a fully-loaded gun. Accordingly, the court held that his sentence was not unconstitutionally excessive.

Likewise, in affirming the defendant's maximum sentence in *State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, *writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626, this court noted the defendant's prior criminal history which included nine felony convictions in addition to pending charges of two counts of aggravated burglary, six counts of burglary of a dwelling, and four counts of theft over $500. The court also concluded

5

that the defendant's recorded telephone conversations regarding the offense were a reflection of total disregard for the law.

Lastly, in *State v. Morris*, 40,413 (La.App. 2 Cir. 12/14/05), 917 So.2d 745, the defendant, a third felony offender, was found to have a juvenile and adult criminal history described as "dismal at best." Also, the trial court described the defendant as a "dangerous person" and found no mitigating factors. In *State v. Taylor*, 04-689 (La.App. 5 Cir. 12/14/04), 892 So.2d 78, the defendant was stopped while driving a stolen vehicle at which time a handgun was discovered, and he was unable to produce a driver's license. The defendant's prior convictions included several convictions for possession of cocaine, one for possession of marijuana, and one for possession of drugs in jail, as well as an arrest for the illegal discharge of a firearm.

Considering the jurisprudence discussed herein, the benefit received from the plea agreement, and the trial court's reasons for sentencing in the instant case, we find that the trial court did not abuse its discretion when it imposed the maximum sentence. Accordingly, this assignment of error is without merit and the Defendant's sentence is affirmed.

**DECREE:**

The Defendant's sentence is affirmed.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules – Courts of Appeal.