ROSEMARY LEDET, Judge.
| t This is a juvenile delinquency case. The juvenile, D.M.,[1] appeals his adjudication as a delinquent. For the reasons that follow, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2012, the State filed a petition charging D.M. with possession with the intent to distribute a schedule I controlled dangerous substance in a drug free zone, in violation of La. R.S. 40:981.3. D.M. stipulated to probable cause for the May 10, 2012 arrest. According to the State’s petition, on May 10, 2012, D.M. knowingly or intentionally possessed with the intent to distribute approximately ten bags of marijuana while on school property — on the campus of Renew Accelerated High School. On May 15, 2012, D.M. denied the allegations contained in the petition.
The record reflects that all parties appeared in court on June 4, 2012; however, a transcript of the proceedings on that date is not contained in the record.[2] |j,On June 12, 2012, the trial court issued a Judgment of Adjudication and an Order for a Pre-Disposition Report. The Judgment of Adjudication reads, in part, as follows:

FOUND GUILTY/GUILTY PLEA

After conferring with counsel and his parent(s), the juvenile, through counsel, withdraws his former plea of not guilty and now, following Boykenization [sic], with full knowledge of the consequences involved, admits the offense(s) charged herein. The Court accepts the plea of guilty and further finds that it is freely, voluntarily and knowledgeably made and that it has a basis in fact.
On July 9, 2012, a disposition hearing was held, at which Stanley Schofield, a *372 probation officer at the Office of Juvenile Justice (“OJJ”), was the only witness. Officer Schofield testified that after meeting with D.M. and his parent, he prepared a pre-dispositional investigation report. During his investigation, Officer Schofield learned that D.M. had a pending charge of forgery before the trial court. He also noted that D.M. passed the Louisiana Educational Assessment Program (LEAP) test, but due to expulsion, D.M. would be attending Schwartz Alternative School for six weeks and potentially returning to regular classes thereafter. Officer Schofield testified that while D.M. indicated he did not abuse drugs, D.M. admitted to using marijuana “at some point.” Officer Scho-field stated that the OJJ recommended D.M.’s sentence be suspended and he be placed on probation with various conditions.[3]
|.-¡Accepting the OJJ’s recommendation, the trial court ordered D.M. to serve one year, suspended, with active supervised probation for one year with the OJJ’s recommended conditions, as well as additional conditions of probation. This appeal followed.[4]
DISCUSSION[5]
In his appeal, D.M. raises the following two assignments of error: (1) the trial court erred in adjudicating D.M. delinquent absent proof beyond a reasonable doubt of the offense charged; and (2) D.M. was prejudiced by the lack of trial and disposition transcripts,[6] which warrants reversal of the trial court’s adjudication and dismissal of the State’s Petition with prejudice.
Assignment of Error Number One
In his first assignment of error, D.M. asserts that the trial court erred in adjudicating him delinquent absent proof beyond a reasonable doubt that he committed the charged offense. Since an appellate court must rely on the record when reviewing whether there is sufficient evidence, D.M. contends that the lack of the June 4, 2012 transcript requires reversal of his adjudication.
LAlthough the record is devoid of the June 4, 2012 transcript, the Judgment of Adjudication reflects that D.M. pled guilty to possession with the intent to distribute a schedule I controlled dangerous substance in a drug free zone. It is well-settled that when a defendant pleads guilty, there is no appellate review for sufficiency of .the evidence. State v. Epperley, 14-0259, p. 13 (La.App. 4 Cir. 10/2/14), 151 So.3d 721, 731; see also State *373 v. Aguilar, 14-714, pp. 8-9 (La.App. 5 Cir. 1/14/15), 167 So.3d 862, 867 (“a plea of guilty by its nature admits factual guilt and relieves the State of the necessity to prove it by a contested trial. Therefore, a defendant cannot challenge the sufficiency of the evidence after he pleads guilty.”) (citing State v. Smith, 07-815, p. 4 (La.App. 5 Cir. 3/11/08), 982 So.2d 821, 824, n. 3); State v. Lewis, 10-1022, p. 4 (La.App. 5 Cir. 9/27/11), 75 So.3d 495, 498. As the State points out, the record reflects that after D.M. consulted with counsel and his parent, and following Boykinization, the trial judge accepted D.M.’s plea of guilty to the charged offense. The trial judge also noted that D.M.’s guilty plea was made freely, voluntarily, and knowledgeably. There is no merit to this assignment of error.
D.M. does not allege any defect in the Boykinization proceedings. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). If an error was made in the plea colloquy, the error must be designated as an assignment of error by the defendant on appeal. State v. Guzman, 99-1528, p. 6 (La.5/16/00), 769 So.2d 1158, 1162. Nor does D.M. challenge the volun-tariness' of a guilty plea. State v. 5Campbell, 404 So.2d 1205, 1208 (La.1981) (“the voluntariness of a guilty plea is not an error discoverable on the record and that barring a motion to "withdraw the guilty plea or the perfection of an assignment of error”) (citing State v. Knighten, 320 So.2d 184 (La.1975); State v. Williams, 327 So.2d 379 (La.1976)). The record does not reflect that D.M. filed a motion to withdraw his plea. He thus failed to properly preserve this issue.
Moreover, as noted above, the record reflects that on July 9, 2012, thirty-seven days after D.M. entered his guilty plea, a disposition hearing occurred. According to Officer Schofield’s testimony at the disposition hearing, the OJJ recommended that D.M.’s sentence be suspended and D.M. placed on probation. Accepting the OJJ’s recommendations, the trial court ordered that D.M.’s one year sentence be suspended and placed D.M. on active supervised probation for one year with several special conditions to be met.
Given D.M. neither alleges defects in the Boykinization proceedings nor does he challenge the voluntariness of a guilty plea, he failed to properly preserve any defects regarding his guilty plea for appellate review. We thus decline to consider this issue.
Assignment of Error Number Two
In his second assignment of error, D.M. argues that he was prejudiced by the lack of trial and disposition transcripts, thereby preventing him from receiving appellate review. The State counters that on June 4, 2012 no trial took place and no evidence presented. That same day, with the assistance of counsel, knowingly and | ¿voluntarily pled guilty to the charge against him. The State further counters that the Judgment of Adjudication shows that D.M. changed his plea to guilty, that D.M. was properly Boykinized, and that D.M. did not expressly reserve his right to appeal his guilty plea. As a result, the State contends that this appeal should be dismissed. We agree.
Although D.M. alleges that the transcripts are unavailable due to the court reporter’s bad faith actions, he provides no support for this contention. Indeed, the record was supplemented with the June 9, 2012 transcript of the disposition hearing and a certification that the June 4, 2012 transcript was unavailable due to the inability to contact the previously employed court reporter.
*374 In his brief, D.M. points out that he has completed his disposition of a suspended sentence of one year, with one year active probation. Accordingly, he claims that a new trial would be unnecessary. In light of the prejudiced suffered due to the lack of transcripts and the delay it caused in receiving appellate review, D.M. requests that the trial court’s adjudication be reversed and the State’s petition be dismissed with prejudice. D.M., however, provides no statutory or jurisprudential support for dismissal of the State’s petition.
As noted above, the only remaining transcript not in the record on appeal is the June 4, 2012 proceedings. D.M. essentially argues that the lack of a transcript precludes this court from reviewing his sufficiency of the evidence challenge. The lack of the June 4, 2012 transcript does not prevent this court from reviewing this matter. As discussed in Assignment of Error Number One, there is no appellate 17review for sufficiency of the evidence when a defendant has pled guilty. Epper-ley, supra. Since D.M. pled guilty, appellate review for the sufficiency of evidence is precluded. Accordingly, D.M. was not prejudiced by the lack of the transcript as he was afforded appellate review. There is no merit to this assignment of error.

DECREE

For the forgoing reasons, .the juvenile’s delinquency adjudication is affirmed.
AFFIRMED

. Pursuant to the requirements of confidentiality of juvenile proceedings as set forth in Rules 5-1 and 5-2 of the Uniform Rules— Courts of Appeal and La. Ch.C. art. 412, the juvenile, who was fifteen at the time of the charged offense, is referred to by his initials only, D.M.

. The court reporter certified that "there is no digital recording in any form of the [June 4, 2012] trial of D.M.’[1] The court reporter also certified that the June 4, 2012 transcript was unavailable due to the trial court's inability to contact the previously employed court reporter.

. The conditions to D.M.'s probation recommended by the OJJ are as follows: (1) have a 6:00 p.m. curfew seven days a week; (2) be referred to the TRACKERS program; (3) attend school every day; (4) have no suspensions or expulsions; (5) be drug screened in accordance with OJJ policy; and (6) have no further violations of the law.

. On June 4, 2015, this Court ordered the trial court to produce the transcripts of the June 4, 2012 and June 9, 2012 hearings or a certification that these transcripts were not available. The record was subsequently supplemented with the June 9, 2012 transcript of the disposition hearing. As noted in previously, the June 4, 2012 transcript was certified to be unavailable.

. ‘TT]his Court recently adopted the practice of conducting a review of juvenile delinquency matters for errors patent.” State in the Interest of S.J., 13-1025, p. 4 (La.App. 4 Cir. 11/6/13), 129 So.3d 676, 679 (citing State in the Interest of A.H., 10-1673, p. 9 (La.App. 4 Cir. 4/20/11), 65 So.3d 679, 685). A review of the record for errors patent in this case reveals none.

. As noted above, the record was supplemented with the transcript of the July 9, 2012 disposition hearing.