NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-618

STATE OF LOUISIANA

VERSUS

J'VONTE MELIK STERLING

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 1104-20
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Sharon Darville Wilson, and Charles G. Fitzgerald, Judges.

AFFIRMED.

Mary Constance Hanes
Louisiana Appellate Project
Post Office Box 4015
New Orleans, LA 70178-4015
(504) 866-6652
COUNSEL FOR DEFENDANT-APPELLANT:
    J'Vonte Melik Sterling

**Stephen Dwight**
**District Attorney**
**Dale R. Lee**
**Assistant District Attorney**
**John E. Turner**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
    **State of Louisiana**

**PICKETT, Judge.**

**FACTS**

Due to the defendant's guilty plea, the record does not contain a detailed description of the facts. However, in the plea colloquy, the state briefly described the offense as follows:

> [O]n or about November 24 of 2019, following a domestic disturbance between his mother and her boyfriend, victim Eddie Hardman, did exit a residence to address the incident at which time he and Mr. Joseph Braxton did square up as to take a fighting posture. Shortly following that, Defendant J'vonte Sterling did exit from a residence or did appear with a handgun, walked up to the victim, Eddie Hardman, shot him one time, and then fled the scene.
>
> He was identified by several witnesses as well as he did admit later on to police that he was the shooter. This occurred within Calcasieu Parish.

On January 23, 2020, a Calcasieu Parish Grand Jury indicted the defendant, J'Vonte Melik Sterling, on a charge of second degree murder in violation of La.R.S. 14:30.1. He originally pled not guilty. On April 19, 2021, the defendant withdrew his guilty plea and entered a plea of guilty to the amended charge of manslaughter, in violation of La.R.S. 14:31. The trial court accepted his plea on April 19, 2021. On April 23, 2021, the trial court sentenced the defendant to twenty years at hard labor without benefit of probation, parole, or suspension of sentence with credit for time served.

On May 12, 2021, the state orally requested to have the "without benefit" provision of the defendant's sentence dropped, and the trial court amended the Uniform Sentencing Commitment Order to reflect the change. On May 26, 2021, the defendant filed a motion to reconsider sentence, alleging that, due to his age, a twenty-year sentence is excessive under the circumstances.[1] The trial court denied the motion the same day. On May 27, 2021, the defendant filed a motion for

---

[1]As a result of his "Motion To Reconsider Sentence," the defendant's appeal is limited to the issues raised in the original motion.

appeal of sentence and requested the appointment of appellate counsel. The trial court granted the motion on the same day.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR

In his single assignment of error, the defendant argues that the sentence of twenty years imposed on the conviction for manslaughter was excessive considering he was only seventeen years old at the time of the incident. Further, the defendant alleges that the trial court failed to consider his age in combination with the emotionally charged situation he was confronted with on the day of the shooting. The defendant made these same assertions in his "Motion To Reconsider Sentence."

Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Louisiana courts have laid out the following guidelines with regard to excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367

2

So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958[, *cert. denied*, 96-6329, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

In his motion to reconsider sentence, the defendant alleges that his sentence is constitutionally excessive as applied to him. He alleges that due to his young age, he was ill-equipped to handle the emotionally charged situation he found himself "thrust" in. While the defendant acknowledges that the trial court used his age as a mitigating factor, the defendant argues that the trial court did not consider his age in combination with the situation he faced. The defendant alleges that the combination of his youth and the emotionally charged situation warrants a lesser sentence.

However, the state argues that the defendant's age was properly considered by the trial court. The state contends that the defendant was not "thrust" into the situation but chose to involve himself in an altercation that did not concern him. The state argues that the trial court considered that while the defendant was seventeen, he chose to use a firearm in a fight that did not involve him. As a result, the state contends that the defendant's sentence is not excessive.

In *State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, *and writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626, this court adopted the fifth circuit's three factor test from *State v. Lisotta*, 98-648, p. 4 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, 58, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, which established that an appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes.

With respect to the nature of the offense, while the defendant pled guilty to manslaughter, he was originally charged with second degree murder. Second degree murder is defined as "the killing of a human being . . . [w]hen the offender has a specific intent to kill or to inflict great bodily harm." La.R.S. 14:30.1[.] The defendant, however, pled guilty to the reduced charge of manslaughter.

4

Manslaughter is defined as a homicide "committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection." La.R.S. 14:31.

The defendant argues that the trial court should have considered his age in conjunction with the emotionally charged situation. However, the "emotionally charged situation" is equivalent to the existence of a situation involving "sudden passion" or "heat of blood" described in La.R.S. 14:31. In support of his claim, the defendant refers to the violent nature of the victim and his family. At the sentencing hearing, the victim's mother noted that she and the defendant's brother were in a violent, toxic relationship and that the defendant had knowledge of that relationship. The defendant's knowledge of the violent natures of these individuals combined with the situation at issue arguably created a situation involving "sudden passion" or "heat of blood." However, the trial court did not need to take special notice of the situation as the plea for manslaughter already accounted for it.

The second *Baker* factor involves the defendant's nature and background. As previously stated, the defendant was seventeen years old at the time of the offense. Prior to his conviction for manslaughter, the defendant had no criminal record. The defendant had also been accepted to a community college in Ville Platte. At the sentencing hearing, the trial court heard about the relationship between the victim's family and the defendant's family. Following testimony from the victim's mother and members of the defendant's family, the trial court ruled as follows:

> The idea that this would have gone to trial and would have resulted in a verdict less than second-degree murder with a mandatory life . . . sentence is highly unlikely. If it had gone to trial, the likely result would have been second-degree murder, mandatory life.
>
> So the defendant is getting the benefit of a reduced charge based on all these facts that are flying around. And typically we have two sides that are totally opposite. But in light of the age of the defendant, I'm not going to sentence him to the maximum, but in light

of a death with a firearm against an unarmed victim, regardless of a 20-hour dispute that day, that's not how we end disputes, so considering all of those factors, I'm going to impose a 20-year sentence without benefit on the defendant.

The trial court did consider the defendant's age in sentencing. The trial court stated that it wanted the defendant to receive a sentence that reflected the severity of the offense, but did not give him the maximum sentence due to his youth.

The final *Baker* factor, sentences imposed in similar crimes, reveals the defendant's sentence is not excessive. "Louisiana jurisprudence reveals that mid-to-high range sentences have been upheld in other manslaughter cases." *State v. Sepulvado*, 10-435, p. 27 (La.App. 3 Cir. 3/9/11), 59 So.3d 463, 479, *writ denied*, 11-1151 (La. 11/14/11), 75 So.3d 941. As a result of his guilty plea to manslaughter, the defendant was exposed to a sentence of up to forty years. La.R.S. 14:31. The trial court sentenced him to twenty years.

In *State v. Wright*, 10-577 (La.App. 5 Cir. 2/15/11), 61 So.3d 88, *writ denied*, 11-560 (La. 9/30/11), 71 So.3d 283, the defendant, who was fifteen years old at the time, charged with second degree murder and armed robbery, was found guilty of manslaughter by a jury. The defendant received twenty-five years at hard labor on the conviction for manslaughter. He appealed the sentence as excessive because of his youth, asserting that there was no evidence that he shot the victim. While noting that the defendant did have an extensive juvenile criminal history, the fifth circuit did not find the sentence excessive under the circumstances, despite the defendant's age.

In a majority opinion, *State v. Cedars*, 16-1044 (La.App. 3 Cir. 7/19/17) (unpublished opinion),[2] *writ denied*, 17-1343 (La. 4/27/18), 239 So.3d 838, this court upheld a juvenile's thirty-year sentence for manslaughter. The juvenile, who

_____

[2]2017 WL 3334872.

6

had originally been charged with second degree murder, pled guilty to the lesser charge of manslaughter. In upholding the sentence, this court stated that "the trial court clearly considered numerous factors in the formation of the Defendant's sentence, including his youth . . . and balanced those factors against the violent nature of the offense and the Defendant's reduced sentencing exposure under a manslaughter plea." *Id.* at 8.

In *State v. Banks*, 16-34 (La.App. 3 Cir. 6/1/16) 194 So.3d 1224, a defendant who was seventeen years old at the time of the offense pled guilty to one count of manslaughter and one count of simple robbery pursuant to a plea agreement. He was then sentenced to twenty-five years at hard labor on the conviction for manslaughter and three years at hard labor on the conviction for conspiracy to commit simple robbery. The defendant then appealed, alleging that his sentence of twenty-five years for manslaughter was excessive. However, this court upheld the sentence, noting that the "[d]efendant received a significant benefit from pleading guilty to manslaughter[,]" as the evidence could have easily resulted in a conviction of first degree murder. *Id.* at 1231.

In the present case, the trial court echoed a similar sentiment at sentencing. After briefly reviewing the abbreviated facts of the case, the trial court believed, had this gone to trial, "the likely result would have been second degree murder [with a sentence of] mandatory life." The trial court wanted the sentence to reflect the severity of the offense, but it also explicitly took the defendant's age into consideration. However, the trial court did not permit the defendant's age to excuse how he responded and resolved the dispute. As a result, the defendant received a sentence within the range prescribed by statute. Furthermore, the defendant's midrange sentence is comparable to sentences received by others charged with manslaughter.

After review of the *Baker* factors, we find that the trial court did not abuse its discretion by giving the defendant a twenty-year sentence. The conviction and the twenty-year sentence imposed for the offense of manslaughter are affirmed.

<u>**CONCLUSION**</u>

The defendant's conviction and sentence are affirmed.

**AFFIRMED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION**.

Rule 2-16.3, Uniform Rules, Courts of Appeal