# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1044

**STATE OF LOUISIANA**

**VERSUS**

**DARRELL JAMES FONTENOT**

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR-312-08
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**********

## JIMMIE C. PETERS
## JUDGE
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters and J. David Painter, Judges.

**AFFIRMED.**

Thibodeaux, C.J., dissents in part and assigns written reasons.

**James Edward Beal**
**Louisiana Appellate Project**
**P. O. Box 307**
**Jonesboro, LA 71251-0307**
**Telephone: (318) 259-2391**
**COUNSEL FOR:**
    **Defendant/Appellant - Darrell James Fontenot**

**Michael Cade Cassidy**
**District Attorney - Thirty-First Judicial District Court**
**Stacey C. Naquin**
**Assistant District Attorney - Thirty-First Judicial District Court**
**P. O. Box 1388**
**Jennings, LA 70546**
**Telephone: (337) 824-1893**
**COUNSEL FOR:**
    **Appellee - State of Louisiana**

PETERS, J.

The State of Louisiana initially charged the defendant, Darrell James Fontenot, by grand jury indictment with aggravated rape, a violation of La.R.S. 14:42. Thereafter, pursuant to a plea agreement, the state reduced the charge to forcible rape, a violation of La.R.S. 14:42.1, and the defendant entered a *nolo contendere* plea to that charge pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970). The trial court then sentenced the defendant to serve forty years at hard labor with the first two years to be served without the benefit of parole, probation, or suspension of sentence. After the trial court rejected his motion to reconsider his sentence, the defendant perfected this appeal. For the following reasons, we affirm the defendant's conviction and sentence in all respects.

## DISCUSSION OF THE RECORD

At the May 19, 2009 hearing wherein the defendant entered his plea, the state provided the trial court with the following factual basis:

> Okay. Had this matter proceeded -- proceeded to trial, the State would have introduced the following evidence: That on or about March 15th, 2008, Jennings Police Department responded to 419 Martin Street here in Jennings, Louisiana, in response to an aggravated rape. Whenever the Jennings Police Department arrived there, they spoke with the victim, Mrs. [M.] [G.], whose date of birth is June 2nd, 1922, who for the record is present for this proceeding.
>
> Mrs. [M.] [G.] explained to the police officers that she had been asleep in her bed whenever she heard a noise at her back door. She got up to see what it was and found that there was a male standing in her bedroom at her bed. He told her to give -- he told her to give him her money. She got out of bed, walked to the kitchen, got her purse and handed him one hundred dollars ($100.00). He took the money. Told her to get on the living room floor. Take off her clothes, and he proceeded to rape her vaginally. Whenever he was done, she made the statement to him -- she asked him if he believed in God. He said yes. She stated that he -- she would pray for him. That's whenever she [sic] left, and she called 911.

On appeal, the defendant raises two assignments of error: (1) that his sentence is excessive, and (2) that the trial court erred in failing to advise him of his right to

trial by jury before accepting his plea. Because the second assignment of error addresses the validity of the conviction itself, we will consider it first.

Louisiana Code of Criminal Procedure Article 556.1 provides that before accepting a felony plea of guilty or *nolo contendere*, the trial court must determine that the defendant understands the consequences of his or her plea as well as the rights given up by entering a plea. One of those rights that must be addressed is the defendant's right to a jury trial. La.Code Crim.P. art. 556.1(A)(3). Although the trial court informed the defendant of his right to trial in the plea proceedings, the trial court made no mention of the defendant's right to a *jury trial*.

Despite the trial court's failure to directly address the defendant's right to a jury trial, we find no merit in this assignment of error. The record reflects that, when initially arraigned, the defendant requested a jury trial. Thus, he was aware from the beginning of his prosecution that he was entitled to a jury trial. Additionally, on the day he entered his plea, the defendant executed a written form in conjunction with his plea agreement entitled "PLEA OF NO CONTEST AND WAIVER OF RIGHTS." The written form provided that he had been informed of his rights, including specifically his right to a jury trial; that by entering his plea he waived his rights, including specifically his right to a jury trial; and that he understood his plea subjected him to the same punishment as if he had been "TRIED AND CONVICTED BY A JURY."

In *State v. Mendenhall*, 06-1407, p. 1 (La. 12/8/06), 944 So.2d 560, the supreme court discussed the obligations of the trial court in advising a defendant of his or her right of confrontation, another right covered by La.Code Crim.P. art. 556.1. In addressing this issue, the supreme court stated:

> A majority on the court of appeal panel found that the trial judge's statement informing defendant that the state would have to prove its case

2

beyond a reasonable doubt and that his attorney would have the opportunity to cross-examine the state's witnesses at a trial did not suffice as an advisement to defendant of his right to confront his accusers. *State v. Mendenhall*, 40,986 (La.App. 2nd Cir. 5/19/06), 930 So.2d 1196 (Brown, C.J., dissenting). However, this Court has stressed that neither *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), nor the Court's implementation of *Boykin* in *State ex rel. Jackson v. Henderson*, 260 La. 90, 255 So.2d 85 (1971), sets out a "magic word formula" which may "serve as a technical trap for conscientious trial judges who conduct a thorough inquiry into the validity of the plea...." *State v. Bowick*, 403 So.2d 673, 675 (La.1981). With respect to the Confrontation Clause of the Sixth Amendment, "[t]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." *Davis v. Alaska*, 415 U.S. 308, 315-16, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974) (internal quotation marks and citation omitted; emphasis deleted); *see also State v. Anderson*, 34,491, p. 3 (La.App. 2d Cir. 4/4/01), 784 So.2d 749, 751 ("In common usage, the phrases confront and cross-examine always connote adversarial activities."), *writ denied*, 01-1431 (La. 4/12/02), 812 So.2d 666. In this instance, the language used by the trial judge appears sufficiently tailored to inform a 29-year-old defendant, who was educated through the twelfth grade and employed as a plant assistant manager, that he was waiving his right to confrontation, and that, because he was pleading guilty, there would be no further trial. *See State v. Martin*, 382 So.2d 933, 935 (La.1980) (purpose underlying the *Boykin* and *Jackson* rules "is to ensure the defendant's receipt of adequate information, so that his decision to plead guilty is truly intelligent and voluntary.... [T]his information may successfully be conveyed in words tailored to a particular individual's vocabulary and comprehension"), overruled in part on other grounds, *State v. Williams*, 392 So.2d 448 (La.1980). Accordingly, we agree . . . that the circumstances in the record reflect a knowing and voluntary waiver of defendant's rights and compliance with the constitutional requirements for the taking of voluntary guilty pleas in Louisiana.

In the matter before us, we find that the record reflects a knowing and voluntary waiver of the defendant's right to a jury trial. Therefore, we find no merit in this assignment of error.

In his remaining assignment of error, the defendant argues that his sentence is excessive. Specifically, he asserts that the trial court failed to properly consider as mitigating factors his age (thirty-four at sentencing), that this was his first felony offense, and that he suffers from a brain injury.

The Eighth Amendment to the United States Constitution and La.Const. art. 1, § 20 prohibit the imposition of cruel or excessive punishment, and the law is well settled with regard to what constitutes cruel or excessive punishment. An excessive sentence is a penalty that is so grossly disproportionate to the severity of the crime that it shocks our sense of justice or it makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). Additionally, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, the reviewing court should not deem as excessive a sentence imposed within statutory limits. *State v. Howard*, 414 So.2d 1210 (La.1982); *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. Still, a sentence that falls within the statutory limits may be excessive under the particular circumstances of a given case. *State v. Sepulvado*, 367 So.2d 762 (La.1979). Additionally, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for the reviewing court to consider is not whether another sentence would be more appropriate, but rather whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996).

Louisiana Code of Criminal Procedure Article 894.1(A) provides that the trial court should impose an imprisonment sentence if any of the following are established by the record:

> (1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.

> (2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.

4

> (3) A lesser sentence will deprecate the seriousness of the defendant's crime.

Additionally, the trial court must "state for the record the considerations taken into account and the factual basis therefore in imposing sentence." La.Code Crim.P. art. 894.1(C). However, in complying with this article, the trial court "need not articulate every circumstance or read through a checklist of items." *State v. Anderson*, 95-1688, p. 4 (La.App. 3 Cir. 5/8/96), 677 So.2d 480, 483.

In sentencing the defendant, the trial court stated that it had considered the contents of a pre-sentence investigation report provided to it, the factors found in La.Code Crim.P. art. 894.1, and the nature of the offense itself. The trial court noted that the pre-sentence investigation report established that the defendant was born on November 17, 1974, and was raised by his mother. It further established that he had two siblings and four half-siblings; that he was married at age eighteen, divorced two years later, and had no children; that he had a GED and some training as an electrician, but that most of his employment history was manual labor; and that he sustained a head injury resulting in an brain abscess which required surgery and ended his working career; and that he had no juvenile or adult criminal history. The trial court specifically considered his age and the fact that he was a first felony offender as the only mitigating factors present. In denying the defendant's motion to reconsider his sentence, the trial court stated that it did so "because the matter was originally charged as aggravated rape and was amended down to forcible rape" such that the maximum sentence that could be imposed was that which was imposed instead of life at hard labor without benefit of probation, parole, or suspension of sentence.

Citing the supreme court in *State v. Telsee*, 425 So.2d 1251 (La.1983), the fifth circuit, in *State v. Lisotta*, 98-648, p. 4 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, 58, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, suggested that:

> The court should consider three factors in reviewing a judge's sentencing discretion:
>
> 1. the nature of the crime,
>
> 2. the nature and background of the offender, and
>
> 3. the sentence imposed for similar crimes by the same court and other courts.

With regard to the nature of the offense, we recognize that *any* rape is a repugnant offense. However, our legislature has seen fit to determine that *any* rape of a victim over the age of sixty-five is the worst of such repugnant offenses—aggravated rape. La.R.S. 14:42(A). While the defendant received the benefit of a plea agreement in being allowed to plead to forcible rape, factually his offense fits the definition found in La.R.S. 14:42(A). Anyone convicted of aggravated rape when the victim is over the age of thirteen is subject to a single sentence—life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. La.R.S. 14:42(D)(1).

Considering the second *Lissota* factor, the defendant's nature and background, the defendant does not argue that the trial court considered any inaccurate information. Instead, he argues that his age and brain injury are sufficient mitigating factors to reduce his sentence. As to his age, the trial court specifically considered it as a mitigating factor, but concluded that it was not sufficient to reduce the penalty below the maximum for forcible rape. With regard to the brain injury, the record establishes that he was subjected to surgery as treatment for a brain abscess and he

suffers from aftereffects of that surgery. However, the trial court did not consider this to be a mitigating factor.

The defendant's mental state had been the subject of a sanity commission during the trial court proceedings, and the appointed sanity commission concluded that he was competent to proceed. While the record lacks a transcript of the sanity hearing, a summary of the experts' analysis was introduced. Both experts noted that the defendant has a history of short-term memory loss and that he apparently suffered seizures. However, the record contains nothing to suggest that the defendant's aftereffects of his injury and subsequent surgery played any role in the commission of the offense. Furthermore, the defendant's problems do not necessarily mandate a lesser sentence or cast doubt upon the trial court's sentencing discretion:

> Furthermore, in *State v. Hart*, 397 So.2d 518 (La.1981), the Louisiana Supreme Court upheld a defendant's 75-year sentence for armed robbery and his maximum 50-year sentence for attempted first degree murder despite his diagnosis as a schizophrenic. Despite the defendant's mental condition, the supreme court concluded the trial court did not manifestly abuse its broad sentencing discretion. Also, in *State v. Allen*, 478 So.2d 589 (La.App. 2 Cir.1985), *writ granted*, 491 So.2d 12 (La.1986), *affirmed as amended*, 496 So.2d 301 (La.1986), the Second Circuit upheld the defendant's maximum 50-year sentence for attempted first degree murder despite the defendant's argument that the trial court did not consider his mental problems. The Second Circuit noted the defendant's extensive mental health treatment records, which showed he was a schizophrenic, were considered by the trial court as evidenced by the trial court's statement that defendant's mental illness could not mitigate the sentence because of the seriousness of the offense.

*State v. Taylor*, 06-839, p. 7 (La.App. 5 Cir. 3/13/07), 956 So.2d 25, 29, *writ denied*, 06-859 (La. 6/15/07), 958 So.2d 1179. *See also State v. Gilbert*, 00-1822 (La.App. 5 Cir. 5/16/01), 788 So.2d 574.

Even considering all of the defendant's arguments as mitigating factors, the fact remains that the defendant is the worst of offenders. *Farhood*, 44 So.2d 217. He committed the aggravated rape of an eighty-six-year-old victim after breaking into her home and robbing her.

7

Finally, a comparison of sentences as contemplated by *Lisotta* is somewhat meaningless when the offense for which the defendant was sentenced is not the offense he committed.

This court has explained the problems arising when considering sentences where a defendant has entered a plea to a lesser offense where the facts support the conviction on the greater offense:

> In his brief to this court, the Defendant asserts that because he is a first time offender, the sentence of thirty-five years of imprisonment without benefits, near maximum for the offense, is constitutionally excessive. This court has held that maximum sentences are usually reserved for the most egregious and blameworthy of offenders. *State v. LeBlanc*, 578 So.2d 1036 (La.App. 3 Cir. 1991), *writ denied*, 620 So.2d 833 (La.1993); *State v. Mallett*, 552 So.2d 28 (La.App. 3 Cir. 1989), *writs denied*, 556 So.2d 1258, 558 So.2d 567 (La.1990) (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)).
>
> In *State v. Whatley*, 03-1275 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, the trial court gave the defendant the maximum sentence possible for a conviction of indecent behavior with a juvenile. However, this court found the defendant was a first time offender whose crime did not warrant the trial court's imposition of the maximum sentence because he was not one of the most egregious types of defendant for whom the maximum sentence was intended. In addition to Whatley's lack of previous convictions, this court considered the absence of the use of physical violence and the fact that the defendant ceased his conduct upon rebuff by the sixteen-year-old victim to indicate that the defendant should not have received a maximum sentence. *Id.* In the present matter, like the defendant in *Whatley*, the Defendant is also a first time offender. However, unlike the defendant in *Whatley*, the Defendant in this case was convicted of forcible rape, defined by La.R.S. 14:2(13) as a crime of violence. In addition to its high level of physical violence, the conduct of the Defendant was directed against an eleven-year-old girl who futilely attempted resistance. Further, the Defendant did not receive the maximum sentence available under the offense of which he was convicted. Clearly, the circumstances in *Whatley*, which led this court to conclude that a maximum sentence was excessive for that first time offender, are not present in the instant case. Considering the foregoing, the near maximum sentence given the Defendant in the instant matter was not excessive, even though he is a first time offender.
>
> It should also be noted that the Defendant pled guilty to forcible rape when the facts fully supported the original charge of aggravated rape. In *State v. Lanclos*, 419 So.2d 475 (La.1982), the supreme court addressed the issue of whether a maximum sentence was appropriate

following a plea agreement. The *Lanclos* court held that because the lesser offense to which the defendant pled did not adequately describe the first time offender's conduct, the trial court did not abuse its discretion in imposing the maximum sentence. Likewise, in this case, the Defendant pled guilty to forcible rape, an offense that does not adequately describe the conduct shown in the record as directed toward the eleven-year-old victim, which conduct is more accurately described as conduct constituting aggravated rape.

Additionally, the Defendant was originally charged with aggravated rape, a violation of La.R.S. 14:42. By agreeing to plead guilty to forcible rape, a violation of La.R.S. 14:42.1, the Defendant received a significant benefit by reducing his sentence exposure from a minimum of life imprisonment to a maximum of forty years imprisonment. The sentence was within the statutory range for forcible rape.

There is no indication in the record of any plea agreement, or that the Defendant agreed to plead guilty for any particular sentence exposure. Accordingly, in light of the significant benefit gained by the Defendant in agreeing to plead guilty to forcible rape, rather than face an aggravated rape charge, the trial court did not abuse its wide discretion in imposing a sentence of thirty-five years of imprisonment without benefits. *Cook*, 674 So.2d 957.

*State v. Vallery*, 04-1589, pp. 4-6 (La.App. 3 Cir. 4/6/05), 899 So.2d 836, 839-40.

In reviewing the sentences imposed where the defendant was allowed to plead guilty to forcible rape after being charged with aggravated rape, we find support for the trial court's imposition of the maximum sentence. In *State v. Colgin*, 43,416 (La.App. 2 Cir. 8/13/08), 989 So.2d 876, where the defendant was originally charged with aggravated rape but pled guilty to forcible rape, the appellate court found that the maximum sentence of forty years at hard labor, the first fifteen to be served without the benefit of probation, parole, or suspension of sentence, was appropriate given the emotional damage to the ten-year-old victim and the defendant's status as a second sex-crime offender. In *State v. Jarrett*, 37,928 (La.App. 2 Cir. 12/10/03), 862 So.2d 440, the defendant was originally charged with aggravated rape, aggravated burglary, armed robbery, and aggravated sexual battery; when he pled guilty to forcible rape and aggravated burglary, the appellate court found that his

sentences of forty years for forcible rape and thirty years for aggravated burglary were not excessive. In *State v. Gray*, 36,389 (La.App. 2 Cir. 9/18/02), 828 So.2d 176, the defendant was originally charged with two counts of aggravated rape, but pled guilty to two charges of forcible rape, and the state agreed not to charge the defendant as a habitual offender and to dismiss other charges, including attempted aggravated rape, simple robbery, and simple kidnapping. The trial court imposed two consecutive sentences of forty years, which the appellate court found not to be excessive.

Here the defendant was originally charged with aggravated rape and the facts supported that charge, the defendant gained significant benefit from his plea agreement, and there exists no indication that the defendant agreed to plead for any particular sentence exposure. We conclude that the sentence imposed on the defendant before us is not excessive.

## DISPOSITION

We affirm the defendant's conviction and sentence in all respects.

**AFFIRMED.**

STATE OF LOUISIANA

VERSUS

DARRELL JAMES FONTENOT


**THIBODEAUX, Chief Judge, dissenting in part.**


I dissent from the imposition of a forty-year sentence as I feel it is constitutionally excessive.

The present case is similar to *State v. Vallery*, 04-1589 (La.App. 3 Cir. 4/6/05), 899 So.2d 836, cited by the majority, in that the facts were consistent with aggravated rape.[1]  However, the present crime appears to have been less overtly violent than the one at issue in *Vallery*.  Also, *Vallery* addressed a sentence five years shorter than the one imposed on Defendant.  Further, the forty-year term was the maximum that Defendant could have received.  As noted in *State v. Whatley*, 03-1275 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, "'[m]aximum sentences are reserved for the most serious violations and the worst offenders.'  *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225."

It is questionable whether Defendant is the "worst kind of offender." The record does not indicate that he struck the victim or committed physically violent acts, other than the rape itself.  Although all rapes are disgusting offenses, and are classified as "crimes of violence" under La.R.S. 14:2(B), not all involve equal levels

---

[1]Aggravated rape is defined by La.R.S. 14:42, which states, in pertinent part, "Aggravated rape is a rape committed upon a person sixty-five years of age or older. . . ."

of violence. As noted earlier, the rape in *Vallery* was more violent than the one in this case.

Our court has not hesitated to vacate sentences we considered to be excessive. In a case involving the simple rape of an intoxicated victim, this court stated:

> The record reveals the following facts relevant to review within the guidelines articulated in La.Code Crim.P. art. 894.1: The Defendant was thirty-one years old at the time of the offense. He is a single father raising his daughter alone. He spent over twelve years as a member of the U.S. Army, receiving an honorable discharge, and, later, the National Guard. His mother, sister, and daughter testified on his behalf. He expressed an acceptance of responsibility for his actions which constituted simple rape and apologized to the victim and her family. Finally, the Defendant is a first felony offender.
>
> Regarding aggravating factors, there is only one--the allegation that Defendant attempted sexual contact with another woman on the night of this offense, but she declined his advances. Other than the facts which constitute the elements of simple rape, there is nothing in the record to warrant a fifteen-year sentence for this defendant. By way of analogy, we refer to the case of *State v. Sergon*, 449 So.2d 193 (La.App. 3 Cir. 1984). There the defendant pled guilty to simple rape of a mental patient at Pinecrest State Hospital. The trial court determined the victim did not understand the nature of the offense because of her mental condition and the defendant, a twenty-nine-year-old member of the Louisiana National Guard, knew of the victim's incapacity. This court held the defendant's sentence of five years at hard labor was not excessive.
>
> We direct the sentencing court's attention to the fact that a sentence of five years or less is appropriate in this case. See La.Code Crim.P. art. 881.4(A).

*State v. Clark*, 05-647, pp. 4-5 (La.App. 3 Cir. 12/30/05), 918 So.2d 552, 556.

In a manslaughter case, this court explained:

> Defendant Runyon did initiate the violence into this situation; however, he played a limited role in Mr. Wiley's death. He inflicted the wound on Mr. Wiley's head, but

2

> Defendant McDonald, unbeknownst to Defendant Runyon, subsequently inflicted six stab wounds. All seven wounds contributed to Mr. Wiley's death, but the nature and severity of the wounds inflicted by Defendant McDonald would have contributed more to Mr. Wiley's demise than the single wound inflicted by Defendant Runyon. Defendant Runyon's involvement pales in comparison to that of Defendant McDonald. For these reasons, we find Defendant Runyon is not one of our worst offenders, and the sentence imposed on him is excessive. Accordingly, we vacate his sentence and remand the case for re-sentencing.

*State v. Runyon*, 05-36, p. 24 (La.App. 3 Cir. 11/2/05), 916 So.2d 407, 424, *writ denied*, 06-1348 (La. 9/1/06), 936 So.2d 207, *writ denied*, 06-667 (La. 11/17/06), 942 So.2d 526.

Regarding a sentence for indecent behavior with a juvenile, this court said:

> The offense of indecent behavior with a juvenile is a heinous crime. It involves the use of innocent children to satisfy the sexual desires of an adult and requires the commission of a "lewd or lascivious act" upon, or in the presence of the child. La.R.S. 14:81. In this case, the defendant fondled the victim's breasts and buttocks. Clearly, society finds such activity inexcusable. Still, the legislature has seen fit to limit the incarceration penalty to a maximum of seven years at hard labor, and as previously stated, the maximum penalty is reserved for the worst offenders. *Farhood*, 844 So.2d 217.

> The defendant was fifty-three years old at the time of the offense and apparently had led a crime-free life. While the evidence indicates that he did use some physical restraint of the victim, the offense entailed no physical violence. Additionally, despite the clear opportunity to do so, the defendant did not attempt to press his physical and timing advantage on his victim. Instead, after she rebuffed his advances, he left. The nature of the defendant's touching, although inexcusable, is not compatible with the degree of touching associated with those cases in which the courts have chosen to render a maximum sentence.

> In this case, the trial court "considered deeply the psychological impact" the defendant's actions had on the victim. However, the record reflects that the victim

3

admitted that she was already "somewhat depressed" at the time of the incident because of the recent deaths of her great-grandmother, uncle, and a close family friend. In fact, the victim had seen a physician in April of 2002, or two months before the offense, for "depressive behavior." The state has not cited any indecent behavior cases comparable to the defendant's where the maximum sentence was imposed. Considering only a bare claim of excessiveness, and without considering the merits of the specific assignments of error, we still conclude that, based on the record before us, the evidence does not establish that the defendant is one of those worst offenders upon whom the maximum penalty should be imposed. We find that the trial court abused its wide discretion in sentencing the defendant to the maximum incarceration sentence for this particular offense.

*Whatley*, 867 So.2d 955.

Though we affirmed a twenty-five year sentence for simple rape in *State v. Despanie*, 06-1269 (La.App. 3 Cir. 2/7/07), 949 So.2d 1260, *Despanie* provides some insights. *Despanie* involved the rape of a ninety-two-year-old female victim suffering from dementia in a long-term care facility. The defendant was a certified nursing assistant at the facility. The victim in this case was eighty-five.

This Defendant and the defendant in *Despanie* were both charged with aggravated rape, and pleaded guilty to a lesser offense.

The maximum forty-year sentence imposed by the trial court makes no measurable contribution to acceptable penal goals, and is a needless imposition of pain and suffering. *See State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court abused its discretion in imposing this sentence.

For the foregoing reasons, I respectfully dissent.

4