# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 10-1052

STATE OF LOUISIANA

VERSUS

J. P. F.

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 72,643 DIV. "C"
HONORABLE JAMES R. MITCHELL, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Billy H. Ezell, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

S. Christie Smith, IV
Elizabeth Brummet Carr
Smith Bush, LLP
Post Office Box 1528
Leesville, Louisiana 71496-1528
(337) 239-2244
COUNSEL FOR DEFENDANT/APPELLANT:
    J. P. F.

Asa A. Skinner
District Attorney - Thirtieth Judicial District Court
Terry W. Lambright - Assistant District Attorney
Post Office Box 1188
Leesville, Louisiana 71496-1188
(337) 239-2008
COUNSEL FOR APPELLEE:
    State of Louisiana

**GENOVESE, Judge.**

In this criminal case, Defendant, J.P.F., appeals the two eighteen-year concurrent sentences he received pursuant to resentencing upon his "*Alford* plea"[1] convictions on two counts of attempted oral sexual battery. He claims excessive sentences. For the following reasons, we affirm Defendant's sentences in all respects.

## FACTS AND PROCEDURAL HISTORY

At the plea hearing in this case, the State maintained that in 2007, while J.P.F. was watching movies with C.B., his nine-year-old step-daughter, J.P.F. had C.B. rub her face on his "private area." The State also asserted that J.P.F. engaged in the same conduct with his eleven-year-old daughter, J.F.

In the record, the investigative progress report contains more detailed allegations of J.P.F.'s conduct. . . . J.F. reported that J.P.F. had her play "horsey" with him whereby she would have to get on top of him and ride him like a horsey, usually without clothes or underwear. J.F. also stated that J.P.F. "would try to put his personal place inside of her." The same report contains C.B.'s statement that J.P.F. "did touch her on her forehead with his penis."

*State v. J.P.F.*, 09-904, pp. 1-2 (La.App. 3 Cir. 3/3/10), 32 So.3d 1016, 1018 (footnote omitted).

The defendant, J.P.F., entered an "*Alford* plea" to two counts of attempted . . . oral sexual battery pursuant to La. R.S. 14:27 and La. R.S. 14:43.3. The trial court sentenced J.P.F. to two concurrent sentences of twenty years at hard labor. The trial court denied J.P.F.'s motion to reconsider sentence, and J.P.F. appealed.

*Id*. at 1018 (footnotes omitted).

On appeal, this court vacated Defendant's sentences and remanded the matter for resentencing, ruling that the trial court's failure to allow Defendant an "opportunity to deny, explain, or rebut allegations of [his] prior similar conduct with other persons" constituted a violation of his due process rights. *Id*. at 1020.

---

[1] An *Alford* plea is a guilty plea accompanied by a claim of innocence made pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970).

At resentencing, Defendant was sentenced to serve eighteen years with the Louisiana Department of Corrections on each count, to run concurrently. A Motion to Reconsider Sentence was filed and denied. Defendant is now and again before this court, appealing his sentences as being excessive.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, we have reviewed this appeal for errors patent on the face of the record. After reviewing the record, we find that there are no actionable errors patent.

## ASSIGNMENT OF ERROR

In his only assignment of error, Defendant contends that the sentences imposed by the trial court are constitutionally excessive when considered in light of the nature of the offenses, the circumstances of the offender, the legislative purpose behind the punishment, and a comparison of sentences imposed for similar crimes.

Defendant was convicted of two counts of attempted oral sexual battery. Defendant was sentenced to serve eighteen years at hard labor on each count.

> The Eighth Amendment to the United States Constitution and La. Const. art. 1, § 20 prohibit the imposition of cruel or excessive punishment, and the law is well settled with regard to what constitutes cruel or excessive punishment. An excessive sentence is a penalty that is so grossly disproportionate to the severity of the crime that it shocks our sense of justice or it makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than a needless imposition of pain and suffering. *State v. Campbell,* 404 So.2d 1205 (La.1981). Additionally, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, the reviewing court should not deem as excessive a sentence imposed within statutory limits. *State v. Howard*, 414 So.2d 1210 (La.1982); *State v. Pyke,* 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. Still, a sentence that falls within the statutory limits may be excessive under the particular circumstances of a given case. *State v. Sepulvado*, 367 So.2d 762 (La.1979). Additionally, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood,* 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only

relevant question for the reviewing court to consider is not whether another sentence would be more appropriate, but rather whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied,* 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Louisiana Code of Criminal Procedure Article 894.1(A) provides that the trial court should impose an imprisonment sentence if any of the following are established by the record:

(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.

(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.

(3) A lesser sentence will deprecate the seriousness of the defendant's crime.

Additionally, the trial court must "state for the record the considerations taken into account and the factual basis therefor in imposing sentence." La.Code Crim.P. art. 894.1(C). However, in complying with this article, the trial court "need not articulate every circumstance or read through a checklist of items." *State v. Anderson,* 95-1688, p. 4 (La.App. 3 Cir. 5/8/96), 677 So.2d 480, 483.

. . . .

Citing the supreme court in *State v. Telsee,* 425 So.2d 1251 (La.1983), the fifth circuit, in *State v. Lisotta,* 98-648, p. 4 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, 58, *writ denied,* 99-433 (La.6/25/99), 745 So.2d 1183, suggested that:

The court should consider three factors in reviewing a judge's sentencing discretion:

1. the nature of the crime,

2. the nature and background of the offender, and

3. the sentence imposed for similar crimes by the same court and other courts.

*State v. Fontenot,* 09-1044, pp. 4-6 (La.App. 3 Cir. 5/12/10), 38 So.3d 1122, 1125-26.

At the sentencing hearing, the trial court noted that there was economic harm

in that the victims had to undergo counseling, there was emotional and psychological harm to the victims, and there were no grounds to excuse Defendant's conduct. The trial court also noted that Defendant was thirty-four or thirty-five years old, had one child, was in excellent health, had a high school education, and was employed in the computer field. Defendant may have abused alcohol, but had not sought any type of treatment, and he had no prior criminal record other than a conviction for driving while intoxicated. The trial court found that Defendant was in need of correctional treatment and that he was given a break by the State when he was allowed to enter his plea rather than go forward with his original charges of aggravated incest.

Defendant contends that his sentences are excessive in light of the offenses to which he actually pled. Defendant argues that his sentences "appear[] to persist in attempting to punish [him] either for more serious crimes not the subject of prosecution or for the offenses as original[ly] charged." Defendant also contends that his "circumstances" indicate his sentences are excessive. Further, Defendant alleges that his "sentences appear to push beyond the scope of the legislative purpose behind the punishment for the crimes for which [he] was sentenced." Defendant then states that although oral sexual battery of a victim under the age of thirteen is a serious crime with a penalty of twenty-five to ninety-nine years, he was convicted only of attempt. Defendant asserts that while he "is not subject to the mandatory minimum of the completed crime, his sentences are close to said minimum." Therefore, Defendant contends that his sentences "are contrary to the legislative intent of punishing attempts significantly less severely than completed offenses." Defendant also asserts that his "sentences are disparate when viewed in light of other sentences . . . for similar crimes."

4

The Defendant requests that this court compare his sentences to those handed down in *State v. McDuffey*, 42,167 (La.App. 2 Cir. 6/20/07), 960 So.2d 1175, *writ denied*, 07-1537 (La. 1/11/08), 972 So.2d 1163, and *State v. J.T.S.*, 03-1059 (La.App. 3 Cir. 2/4/04), 865 So.2d 1032. In *McDuffey*, 960 So.2d 1175, the second circuit found that a sentence of three years for attempted oral sexual battery of a victim under the age of fifteen was not excessive. In *J.T.S.*, 865 So.2d 1032, this court found that a sentence of five years for an offense committed against a victim while between the ages of five and twelve was not excessive.

Defendant asserts that "[w]hile there should [be] some reflection that the law has changed with regard to punishment for the completed offense, it is patently unfair to impose a sentence more than three times harsher on a defendant for the attempt, simply because he had the misfortune of being convicted for acts" that occurred years after those in the cases he cites.

> In 2006 La. Acts No. 103, § 1, the sentencing provisions for sexual battery, La.R.S. 14:43.1(C); second degree sexual battery, La.R.S. 14:43.2(C); oral sexual battery, La.R.S. 14:43.3(C); pornography involving juveniles, La.R.S. 14:81.1(E); and molestation of a juvenile, La.R.S. 14:81.2(E), were amended or enacted to provide for a mandatory minimum sentence of twenty-five years at hard labor, with at least twenty-five years of the sentence to be served without benefit of parole, probation, or suspension of sentence, when the victim of the offense is under the age of thirteen and the offender is seventeen years of age or older. This act was known as the Mary Jean Thigpen Law and within that act, the legislature also provided that the penalty for indecent behavior with a juvenile under the age of thirteen by an offender seventeen years of age or older would be imprisonment for not less than two nor more than twenty-five years, with at least two years of the sentence to be served without benefit of parole, probation, or suspension of sentence. La.R.S. 14:81.
>
> In 2006 La. Acts No. 325, § 2, the legislature provided for a mandatory minimum sentence of not less than twenty-five years at hard [labor], with at least twenty-five years of the sentence to be served without benefit of probation, parole, or suspension of sentence, for the commission of aggravated incest and molestation of a juvenile by an

5

offender seventeen years of age or older against a victim under the age of thirteen.  La.R.S. 14:78.1(D); La.R.S. 14:81.2(E).

Additionally, in 2006 La. Acts No. 325, § 1, the legislature stated the following:

> The Louisiana Legislature has long recognized the need to protect our most innocent and defenseless citizens and has enacted statutory provisions to protect children from sexual offenders and predators.  Louisiana has some of the strictest penalties for sex offense violations and some of the most extensive provisions for sexual offender and sexual predator registration and notification in the United States.  The Louisiana Legislature recognizes the tragedy associated with the story of Jessica Lunsford who at the age of nine was abducted, abused, and murdered by a convicted sexual offender.  Motivated by the tragedy associated with Jessica Lunsford, the Florida Legislature enacted the Jessica Lunsford Act which provided for a minimum twenty-five-year sentence for child molesters and lifetime monitoring following incarceration.  The Louisiana Legislature in enacting the provisions of this Act seeks to incorporate those provisions into the Louisiana Law.

*State v. D.S.J.*, 08-1555, pp. 6-7 (La.App. 3 Cir. 6/24/09), 15 So.3d 1188, 1193 (footnote omitted).

We find that the intent of the legislature in amending these statutes was to punish offenders who commit sex offenses against victims under the age of thirteen. Thus, this court need not consider the cases cited by Defendant, as the offenses therein occurred before the 2006 enactment of the stricter penalties discussed herein.

There are no published cases occurring after the 2006 amendments wherein a defendant claims his sentence for attempted oral sexual battery of a victim under the age of thirteen is excessive.  Based on the legislative purpose behind the 2006 amendments, the fact that the Defendant entered into a plea agreement wherein he pled guilty to lesser offenses with the State recommending concurrent sentences, and the fact that this court's role is to determine whether the trial court abused its broad

6

discretion at sentencing, we do not find that the trial court abused its discretion or that Defendant's sentences are excessive. Accordingly, we find Defendant's assignment of error lacks merit.

## DISPOSITION

Defendant's sentences are affirmed in all respects.

**AFFIRMED.**