NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1115

STATE OF LOUISIANA

VERSUS

LESTER J. CELESTINE
A/K/A LESTER G. CELESTINE, SR.
A/K/A LESTER G. CELESTINE
A/K/A LESTER CELESTINE, SR.
A/K/A  LESTER JAMES CELESTINE, SR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR124744
HONORABLE JULES D. EDWARDS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

AFFIRMED.

Michael Harson
District Attorney, Fifteenth Judicial District
Ronald E. Dauterive
Assistant District Attorney
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:
      State of Louisiana

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Lester J. Celestine**
    **A/K/A Lester G. Celestine, Sr.**
    **A/K/A Lester G. Celestine**
    **A/K/A Lester Celestine, Sr.**
    **A/K/A Lester James Celestine, Sr.**

**PETERS, J.**

The defendant, Lester J. Celestine, appeals the twenty-two-year-and six-months hard labor sentence imposed on him by the trial court for his conviction of driving while intoxicated (DWI), fifth offense, a violation of La.R.S. 14:98. For the following reasons, we affirm the sentence in all respects.

## ERRORS PATENT ANALYSIS

As required by La.Code Crim.P. art. 920, we have reviewed this appeal for errors patent on the face of the record. In doing so, we find no such errors that require addressing.

## OPINION

In this case, the State of Louisiana (state) charged the defendant by bill of information with having committed the offense on May 21, 2009. On November 29, 2010, the defendant entered a plea of no contest to the charge and, on May 12, 2011, the trial court sentenced the defendant. After the trial court rejected the defendant's motion to reconsider his sentence, the defendant perfected this appeal. In his appeal, the defendant contests only the sentence imposed, suggesting in his one assignment of error that the sentence is excessive.

At the May 12, 2011 sentencing hearing, the state offered no evidence concerning the sentence imposed and the defendant offered certificates of completion of substance abuse programs as well as letters recommending leniency in sentencing. After receiving the offerings, considering the information provided in the presentence investigation report, and hearing the arguments of counsel, the trial court noted for the record that the defendant was a fifty-seven-year-old high school graduate, who was married and the father of three children. The trial court also acknowledged the defendant's participation in numerous rehabilitation and substance abuse programs but also noted that the defendant had a history of substance abuse and depression, of

felony criminal activity, and that he had eight prior DWI convictions. In considering the sentence to be imposed, the trial court noted that while the defendant had been placed on probation a number of times, it had not been effective as his probation had been revoked four times. In fact, the defendant had been on probation at the time of this offense.

Having addressed the specifics of the information provided in the record, including the presentence investigative report, the trial court addressed the defendant directly and described the opportunities he had received and failed to take advantage of from his treatment programs.

At one point, the defendant asked to address the court and, after being sworn, suggested to the trial court that he now understood the error of his ways and intended to stop drinking entirely. Additionally, he stated that he intended to continue his treatment and the programs to control his substance abuse and that he intended to become a tutor for others in the surrounding area by sharing his testimony with others similarly situated. The trial court responded to these comments by pointing out to the defendant that he had professed a desire to remain sober after each of his prior convictions for DWI and was unable to avoid the temptation. In sentencing the defendant, the trial court stated that it would request that the defendant be allowed to participate in any rehabilitation programs available to him while incarcerated, and it noted that he would have significant opportunity to speak to others concerning the dangers of substance abuse.

Louisiana Revised Statutes 14:98(E)(1)(a) provides a possible incarceration sentence ranging from ten to thirty years for a DWI conviction of fourth offense or greater, with at least two years of the sentenced imposed to be served without benefit of probation, parole, or suspension of sentence. Thus, the defendant received a sentence within statutory range, although it is in the upper one-third range.

In arguing that the sentence is excessive, the defendant points to his age; his addiction to alcohol and history of substance abuse and depression; his declining health; his wife's medical problems in that she was recently diagnosed with breast cancer; and his three children. He does, however, acknowledge that he has "several felony convictions related to his substance abuse problem" and has been convicted eight times of DWI.

In *State v. Fontenot*, 09-1044, p. 4-5, (La.App. 3 Cir. 5/12/10), 38 So.3d 1122, 1125-26, *writ denied*, 10-1758 (La. 8/19/11), 67 So.3d 1257 (alteration in original), this court stated the following with regard to an excessive sentence claim:

> The Eighth Amendment to the United States Constitution and La. Const. art. 1, § 20 prohibit the imposition of cruel or excessive punishment, and the law is well settled with regard to what constitutes cruel or excessive punishment. An excessive sentence is a penalty that is so grossly disproportionate to the severity of the crime that it shocks our sense of justice or it makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). Additionally, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, the reviewing court should not deem as excessive a sentence imposed within statutory limits. *State v. Howard*, 414 So.2d 1210 (La.1982); *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. Still, a sentence that falls within the statutory limits may be excessive under the particular circumstances of a given case. *State v. Sepulvado*, 367 So.2d 762 (La.1979). Additionally, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for the reviewing court to consider is not whether another sentence would be more appropriate, but rather whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> Louisiana Code of Criminal Procedure Article 894.1(A) provides that the trial court should impose an imprisonment sentence if any of the following are established by the record:
>
> > (1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.

(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.

(3) A lesser sentence will deprecate the seriousness of the defendant's crime.

Additionally, the trial court must "state for the record the considerations taken into account and the factual basis therefor in imposing sentence." La.Code Crim.P. art. 894.1(C). However, in complying with this article, the trial court "need not articulate every circumstance or read through a checklist of items." *State v. Anderson*, 95-1688, p. 4 (La.App. 3 Cir. 5/8/96), 677 So.2d 480, 483.

While the trial court did not specifically state that it considered the provisions of La.Code Crim.P. art. 894.1(A) in sentencing the defendant, the record makes it clear that all three are applicable to the defendant's case. Clearly, given his history, there is an undue risk that he would commit another crime during a period of a suspended sentence or probation. Also, his inability to satisfactorily complete a probationary term establishes that he is in need of a custodial environment. The trial court stated clearly that the defendant would benefit from such an environment in attempting to turn his life around. Finally, given his history, a lesser sentence would deprecate the seriousness of the defendant's offense. The trial court pointed out the inherent dangers to both the defendant and the public if he were allowed to remain free and continue to operate vehicles while under the influence of alcoholic beverages.

The trial court did not state specifically that it considered the factors set forth in La.Code Crim.P. art. 894.1(A), but the record is clear that these factors, both aggravating and mitigating, were considered in imposing the sentence on the defendant. We find no abuse of the trial court's broad discretion in imposing sentence on the defendant.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's sentence in all respects.

**AFFIRMED.**

4

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.