NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

12-1076

STATE OF LOUISIANA

VERSUS

HARVEY G. LOVE

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-2009-900
HONORABLE MARTHA A. O'NEAL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy H. Ezell, and Shannon J. Gremillion, Judges.

CONVICTION AND SENTENCE AFFIRMED AS AMENDED. MOTION TO WITHDRAW GRANTED.

David W. Burton
District Attorney - 36th JDC
P. O. Box 99
DeRidder, LA 70634-0099
(337) 463-5578

**COUNSEL FOR APPELLEE:**
      **State of Louisiana**
**Mr. Edward John Marquet**
**La Appellate Project**
**P. O. Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Harvey G. Love**

**Harvey Love, Pro Se**
**Allen Correctional Center, Earth D-1**
**3751 Woodyard Road**
**Kinder, LA 70648**

**SAUNDERS, Judge.**

The Defendant, Harvey G. Love, was charged by bill of information with driving while intoxicated, fifth offense. On motion of the Defendant, a sanity commission was appointed by the court to determine whether the Defendant had the mental capacity to proceed. After initially being found incompetent to stand trial, the Defendant was later found competent, and the case proceeded. The Defendant subsequently pled guilty to DWI, fourth offense, and pursuant to a plea agreement was sentenced to serve ten years in the Louisiana Department of Corrections consecutive to other time he may have to serve. Seventy-five days were imposed without the benefit of parole, probation, or suspension of sentence with the Defendant being ordered to immediately undergo an evaluation by the Department of Health and Hospitals Office for Addictive Disorders and the Office of Behavioral Health to determine the extent of his substance abuse disorder. He was ordered to participate in any treatment plan recommended by those offices including treatment in a facility approved by the offices for a period of not less than four weeks followed by treatment for a period not to exceed twelve months.

The Defendant was further ordered to pay $5,000 "together with fines, cost and fees," $300 to the District Attorney's Office, $150 to the Public Defender's Office, and $300 to the Criminal Court Fund. All amounts were ordered to be paid while the Defendant was on parole as a condition of parole.

The Defendant requested and was granted an out-of-time appeal. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's counsel. The Defendant filed a pro se brief alleging that his guilty plea was not knowingly and voluntarily entered because he was not apprised of his right to a trial by jury. For the following reasons, we

affirm the Defendant's conviction and amend his sentence to strike various illegalities.  Additionally, we amend the Defendant's sentence to impose the statutorily mandated $5,000 fine.  Counsel's motion to withdraw is granted.

## FACTS:

A factual basis was not provided at the guilty plea proceeding.  However, the bill of information indicates that on or about September 6, 2009, the Defendant operated a motor vehicle while under the influence of alcohol, having a blood alcohol concentration of .143 percent.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record.  After reviewing the record, we find two errors patent concerning the Defendant's sentence.

Prior to pleading guilty to DWI, fourth offense, the prosecutor set forth the plea agreement as follows:

> It is my understanding that he would be pleading guilty to the included charge or lesser included charge of DWI 4th offense agreeing to a sentence of 10 years with the Department of Corrections consecutive to any other.  The statutory mandated fine of $5000 plus cost.  $300 to the District Attorney's office.  A reasonable amount to the Criminal Court fund and to the Public Defender's Office.  The recommendation would include intensive substance abuse treatment prior to his release from the Department of Corrections.  I believe that completes our plea agreement.

Defense counsel indicated to the court that the prosecutor's statement was correct and they concurred in the State's recommendations.  After the guilty plea was entered, the court sentenced the Defendant as follows:

> Mr. Love, it is the sentence of the Court having pled guilty in CR-2009-900, State of Louisiana versus Harvey Love, to DWI 4th that you serve 10 years Department of Corrections consecutive to any and all other time that you otherwise may have to serve. You pay $5000 together with fines, cost and fees; $300 to the District Attorney's

office; that you pay the sum of $150 to the Public Defender's Office and $300 to the Criminal Court Fund. All of these amounts should be paid while you are on parole and as a condition of parole.

Furthermore, you are ordered to receive the - - let me read this out of the statute for you:

Of the 5 years - - I'm sorry - - Of the 10 years, Department of Correction, it is required by law that 75 of those days of that sentence be imposed without benefit of probation, parole, or suspension of sentence. You are ordered to immediately undergo any evaluation by the Department of Health and Hospitals Office for Addictive Disorders to determine the nature and extent of you substance abuse disorder and to participate in any treatment plan recommended by the Office of Addictive Disorders including treatment in an in-patient facility approved by the office for a period of not less than 4 weeks followed by in-patient treatment services for a period not to exceed 12 months. You are to immediately undergo this evaluation and to determine the nature and extent and make arrangements to go into this as well as any recommendation with the Department of Health and Human Hospitals Office of Behavior Health to also determine the nature and extent of any substance abuse disorder and to participate in any treatment plan recommended by the Office of Behavior Health including treatment of an in-patient facility approved by the Office of Behavior Health for a period of not less than 4 weeks followed by out-patient treatment services for a period not to exceed 12 months.

First, we vacate the portion of the sentence requiring the Defendant to undergo evaluations to determine the extent of his substance abuse disorder and treatment. Louisiana Revised Statutes 14:98(E)(1)(b) provides for such evaluation and treatment only when an offender is placed on probation. The Defendant in the instant case was not placed on probation. Thus, this portion of the Defendant's sentence is illegal, and we amend the Defendant's sentence to delete this provision. *See State v. Gregrich*, 99-178 (La.App. 3 Cir. 10/13/99), 745 So.2d 694. The trial court is instructed to note the amendment in the court minutes.

Next, the fine and various payments ordered by the court were improperly imposed as conditions of parole. The trial court lacks the authority to impose conditions of parole. *State v. Franco*, 08-1071 (La.App. 3 Cir. 4/1/09), 8 So.3d

3

790, *writ denied*, 09-1439 (La. 2/12/10), 27 So.3d 843. In *State v. Kotrla*, 08-364 (La.App. 3 Cir. 11/5/08), 996 So.2d 1224, the trial court ordered as conditions of parole that the defendant undergo substance abuse treatment, pay restitution, and pay the fine and court costs that the court had previously imposed as part of the defendant's sentence. In finding the trial court lacked the authority to impose these conditions, we stated:

> In *State v. Bradley*, 99-364 (La.App. 3 Cir. 11/3/99), 746 So.2d 263, this court explained that the power to regulate one on parole is vested in a parole board within the Department of Corrections and that a trial court has no authority to impose a condition on a parolee. More specifically, a sentencing court is without authority to impose restitution as a condition for a defendant's future parole. *State v. Douglas*, 576 So.2d 1102 (La.App. 3 Cir.1991). Additionally, La.Code Crim.P. art. 888 provides that costs and fines shall be payable immediately.
>
> The trial court erred in ordering that Defendant pay the fine and court costs, as well as restitution, as conditions of any possible future parole. Defendant's sentence is amended, deleting payment of the fine, court costs, and restitution, as well as the requirement that he undergo substance abuse treatment, as conditions of parole, and the trial court is instructed to make an entry in the court minutes reflecting the amendment.
>
> Although the trial court recommended that Defendant be confined to a facility where he could receive substance abuse treatment, it failed to *require* that he participate in a court-approved substance abuse program as part of his original sentence as mandated by La.R.S. 14:32.1, thus rendering Defendant's sentence illegally lenient. Defendant's sentence must be amended to reflect that he is required to participate in a court-approved substance abuse program, and we instruct the trial court to make a notation in the minutes reflecting the amendment. *See State v. Williams*, 00-1725 (La.11/28/01), 800 So.2d 790, and La.Code Crim.P. art. 882.

*Id.* at 1226-27.

Accordingly, we amend the Defendant's sentence to delete the fine and payments imposed as conditions of parole. We amend the Defendant's sentence to

impose the $5,000 fine mandated by La.R.S. 14:98E(1)(a). The trial court is instructed to note the amendment in the court minutes.

**PRO SE ASSIGNMENT OF ERROR:**

The Defendant contends that while he was apprised of his right to a trial prior to the entry of his guilty plea, he was not apprised of his right to a *jury* trial. He notes in a footnote that there is nothing on the record to affirmatively show that his counsel advised him of this before or during the plea proceedings. The State, in its brief, notes that defense counsel informed the court that he read the entire plea form to the Defendant and the Defendant indicated that he was "oriented times four." The Defendant responded to the State's brief, arguing that the trial court could not rely on the defense attorney's review of rights with him. The Defendant prays he be allowed to withdraw his guilty plea.

Louisiana Code of Criminal Procedure Article 556.1 provides that before accepting a felony plea of guilty or nolo contendere, the trial court must inform a defendant of and determine that he understands certain rights one of which is the right to be tried by a jury. *See also Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969).

The issue presented in this case was previously before this court in *State v. Fontenot*, 09-1044 (La.App. 3 Cir. 5/12/10), 38 So.3d 1122, *writ denied*, 10-1758 (La. 8/19/11), 67 So.3d 1257. This court held:

> Despite the trial court's failure to directly address the defendant's right to a jury trial, we find no merit in this assignment of error. The record reflects that, when initially arraigned, the defendant requested a jury trial. Thus, he was aware from the beginning of his prosecution that he was entitled to a jury trial. Additionally, on the day he entered his plea, the defendant executed a written form in conjunction with his plea agreement entitled "*PLEA OF NO CONTEST AND WAIVER OF RIGHTS*." The written form provided that he had been informed of his rights, including specifically his right

5

to a jury trial; that by entering his plea he waived his rights, including specifically his right to a jury trial; and that he understood his plea subjected him to the same punishment as if he had been "TRIED AND CONVICTED BY A JURY."

Id. at 1124.

This court found no merit to the assigned error after concluding that the record reflected a knowing and voluntary waiver of the right to a jury trial.

This issue has also been presented to this court in post-conviction relief writ applications. In *State v. Davis*, an unpublished writ ruling bearing docket number 10-963 (La.App. 3 Cir. 5/9/11), this court held:

> **WRIT DENIED**: Relator first claims that the trial court erred in increasing his sentence upon resentencing. The trial judge found this claim to be repetitive under La.Code Crim.P. art. 930.4, stating that the same issue had previously been addressed in her ruling of March 5, 2010. Relator offers no proof to controvert this ruling.
>
> Relator next claims that he was not advised of his right to confront witnesses. The trial court held that the plea of guilty form executed by Relator advised him of this right, which has been held to be adequate proof in *State v. Fontenot*, 09-1044 (La.App. 3 Cir. 5/12/10), 38 So.3d 1122.

In *State v. Skipper*, an unpublished writ ruling bearing docket number 11-1205 (La.App. 3 Cir. 7/17/12), this court issued the following ruling:

> **WRIT DENIED**: Although the trial judge orally informed Relator of his right to a trial, rather than trial by jury, the plea form, which was signed by Relator, informed him of the right to a trial by a jury. Relator alleged his sentence is illegal because of the failure to inform him of the right to a jury trial. However, Relator's claim is not cognizable in a motion to correct an illegal sentence. *State v. Moore,* 93-1632 (La.App. 3 Cir. 5/4/94), 640 So.2d 561, *writ denied,* 94-1455 (La. 3/30/95), 651 So.2d 858; *State v. Gedric,* 99-1213 (La. App. 1 Cir. 6/3/99), 741 So.2d 849, *writ denied,* 99-1830 (La. 11/5/99), 751 So.2d 239. Accordingly, Relator's motion was treated as an application for post-conviction relief. Sentencing issues, however, cannot be raised in an application for post-conviction relief. *See State ex rel. Melinie v. State,* 93-1380 (La. 1/12/96), 655 So.2d 1172.

The fifth circuit addressed this issue in *State v. Cole*, 04-615 (La.App. 5 Cir. 3/1/05), 900 So.2d 15. In *Cole*, the defendant contended on appeal that his guilty plea was not knowingly and voluntarily entered because he was not properly informed of his right against self-incrimination. The plea transcript indicated that the trial court confirmed that counsel had reviewed the defendant's right against self-incrimination with the defendant. The plea form which was signed by the defendant and his attorney stated that the defendant was waiving his right against self-incrimination. The defendant wrote "yes" after each section of the form. The fifth circuit concluded there was no merit to the defendant's claim on appeal.

In the present case, at the guilty plea proceeding, defense counsel indicated to the court that due to the fact the Defendant has a sixth grade education, he read the entirety of the guilty plea form with the Defendant, who "verbalized he was oriented times four." The judge asked the Defendant whether he understood the things defense counsel had told him, and the Defendant responded that he had. The judge proceeded to inform the Defendant of his right to trial, but she did not specifically mention the right to a jury trial. The Defendant indicated he wished to waive his right to trial. Despite the fact the judge did not specifically mention that the Defendant had the right to a *jury* trial, the plea form, which was signed by the Defendant, states in pertinent part (emphasis added):

> I understand that at a *jury* trial I would have the right to hear the accusing witnesses testify against me; the right through my lawyer to cross-examine these witnesses and the right to present witnesses and evidence on my own behalf.

> I understand that I would have the right to remain silent at my trial, that it is the job of the prosecutor to prove my guilt to the *jury* beyond a reasonable doubt and that I am not required to help him in any way.

> . . . .

7

I understand that if this guilty plea is accepted by the court, I will be admitting that I have committed a crime, that there will be no trial and that all my constitutional right [sic] that would be available and exercised at trial will be given up or waived by me when I enter this plea.

Under these facts, we find the Defendant made a knowing and voluntary waiver of his right to a jury trial. Accordingly, this assignment of error has no merit.

## *ANDERS* ANALYSIS:

Pursuant to *Anders*, Defendant's appellate counsel has filed a brief stating he has made a conscientious and thorough review of the trial court record and could find no errors on appeal that would support reversal of Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Appellate counsel's *Anders* brief must review the record and provide "'a detailed and reviewable assessment for both the defendant and the appellate court

8

of whether the appeal is worth pursuing in the first place.'" *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In his *Anders* brief, appellate counsel notes the Defendant was fully *Boykinized* at his guilty plea proceeding. He notes that no factual basis was recited but notes that one was not required as there was no assertion of innocence by the Defendant.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. The Defendant was properly charged in a bill of information and was present and represented by counsel at all crucial stages of the proceedings. Contrary to the allegations of the Defendant's pro se assignment of error, the Defendant entered a free and voluntary guilty plea after properly being advised of his rights in accordance with *Boykin*, 395 U.S. 238. The illegalities in the Defendant's sentence were addressed in the error patent section of this opinion.

Our review of the record has revealed no issues which would support an assignment of error on appeal beyond that raised in the Defendant's pro se assignment of error. Accordingly, counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED AS AMENDED. MOTION TO WITHDRAW GRANTED.**